59195. BURKE v. THE STATE.

Deen, Chief Judge.

Charles Burke brings this appeal following his conviction by a jury of rape.

1. The trial court did not err in its ruling on appellant's Brady motion. On January 17, 1979, the court entered the following order: "[t]he court hereby: Orders the State to reveal to the defendant any information known to it which is arguably favorable to the defendant and of an exculpatory nature. Information which is arguably favorable to the defendant and of an exculpatory nature which is acquired by the State after the above-mentioned date shall be disclosed to the defendant." It is clear that the order requires the state to disclose exculpatory information known to it prior to January 17, 1979, and not just information acquired after

that date as contended by appellant. The record clearly shows that the state complied with the order.

As " '[a]n enumeration of error cannot be enlarged to include other issues not made therein,' *Reese v. State,* 139 Ga. App. 630 (3) (229 SE2d 111)," *Powers v. State,* 150 Ga. App. 25, 27 (256 SE2d 637) (1979), appellant's attempt to enlarge his first enumeration by further asserting that the trial court erred in denying his motion to produce certain fingerprints is not properly before this court.

2. The trial court did not err in denying appellant's notice to produce all information pertaining to the taking of and results of a polygraph test by his co-defendant. An enumeration of error which is not supported by argument or citation to authority presents nothing for this court to review and is considered to be abandoned. Court of Appeals Rule 15 (c) (2). Appellant's sole argument in his brief goes to the trial court's refusal to allow him to examine the assistant district attorney on the question of the victim's refusal to take a polygraph test.

3. As appellant's case was filed in the Supreme Court and that court transferred the case to this court, we find that his enumeration of error challenging the constitutionality of Code Ann. § 38-202.1 is without merit. It is not supported by argument or citation to authority and is deemed abandoned. Court of Appeals Rule 15 (c) (2).

4. The trial court did not err in allowing into evidence the testimony of the attending physician as to the results of a laboratory test for the presence of sperm which was performed under his direction and control. "It is not contrary to the best-evidence rule that oral testimony of a fact in issue may be primary evidence of the fact, although there is written evidence thereof, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of the independent fact itself, to which the writing is merely collateral or incidental." *Peterson v. Lott,* 200 Ga. 390 (1) (37 SE2d 358) (1946).

5. As appellant made no objection at trial to his failure to have opening and closing argument, he may not raise the issue for the first time on appeal. *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979).

6. The evidence shows that the trial court properly exercised its discretion in charging aggravated assault as a lesser included offense of rape. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976); *Reaves v. State,* 139 Ga. App. 361 (228 SE2d 383) (1976).

7. Enumerations of error may not be amended after the time for filing has expired. *In re Crudup,* 149 Ga. App. 214 (253 SE2d 802) (1979).

8. The trial court did not err in overruling appellant's motion for a mistrial. Closing arguments by the district attorney which appeal to the safety of the community and general prevention of crime are proper. *Mason v. State,* 236 Ga. 46 (222 SE2d 339) (1976). The trial judge's ruling in denying a mistrial will not be disturbed on appeal unless it appears that he manifestly abused his discretion. *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED MARCH 7, 1980.

*William Earl Glisson,* for appellant.
*Stephen A. Williams, Acting District Attorney, Patricia J. Craft, Assistant District Attorney,* for appellee.