### 66899. BIG CANOE CORPORATION v. WILLIAMSON.

QUILLIAN, Presiding Judge.

Plaintiff-appellant Big Canoe Corporation appeals the grant of summary judgment to defendant-appellee Williamson in an action on an account.

Appellee was employed by appellant as a real estate salesman and resided at Big Canoe in Dawson County. On March 12, 1982, he resigned and left with an account allegedly owing appellant. On April 21, 1982 appellant commenced this action in Dawson County to collect the account and served appellee by leaving a copy of the summons with his wife at his residence in Big Canoe. Appellee answered denying the claim and alleged that the court lacked jurisdiction over him and that venue was not properly laid in Dawson County. Thereafter, on February 3, 1983, appellee filed a motion for summary judgment alleging that the court lacked jurisdiction over his person, but filed no affidavit or other evidence in support of the motion. Appellant also filed a motion for summary judgment supported by an affidavit showing appellee's liability and other affidavits showing that appellee had resided at Big Canoe, left and went elsewhere after he resigned his employment and returned to visit his family on weekends for several months until his family moved away in May or June 1982. On March 30, 1983, an affidavit of appellee was filed stating that when he resigned he moved to South Carolina (North Augusta) with the intention of remaining there permanently, only returned to Big Canoe once to visit his family before they moved to South Carolina, and was a resident of South Carolina when the suit was filed. In an order dated March 28 and filed March 30, 1983, the trial court, stating that it had considered appellee's affidavit in support of his motion for summary judgment, granted summary judgment to appellee, apparently on the ground that it had no jurisdiction or venue as Georgia Constitution of 1976,

Art. VI, Sec. XIV, Par. VI (Code Ann. § 2-4306), requires that civil actions of this sort be brought in the county in which the defendant resides. *Held:*

Although the motion was made and treated as one for summary judgment, a motion for summary judgment cannot be used to raise a matter of abatement, such as lack of venue or jurisdiction, which must be brought under CPA Rule 12, OCGA § 9-11-12 (Code Ann. § 81A-112). *Ogden Equip. Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459); *McPherson v. McPherson,* 238 Ga. 271 (1) (232 SE2d 552). Therefore, we will treat appellee's motion and the court's ruling thereon as a motion to dismiss.

" 'A preliminary hearing over defenses of lack of jurisdiction over the person or subject matter and improper venue whether made in a pleading or by motion may be heard and determined before trial on the application of any party. [OCGA § 9-11-12(d) (Code Ann. § 81A-112)]. At such hearing factual issues shall be determined by the trial court. [Cits.]' *Marvin L. Walker & Assoc. v. A. L. Buschman, Inc.,* 147 Ga. App. 851, 852-853 (250 SE2d 532)." *Montgomery v. USS Agri-Chemical Div.,* 155 Ga. App. 189 (1), 190 (270 SE2d 362).

"When a motion is based on facts not appearing of record, the court may direct that the matter be heard on affidavits presented by the respective parties..." OCGA § 9-11-43(b) (Code Ann. § 81A-143).

"A written motion ... and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by this chapter or by order of the court.... When a motion is supported by affidavit, the affidavit shall be served with the motion." OCGA § 9-11-6(d) (Code Ann. § 81A-106).

"The statute is unambiguous in its mandate: 'The affidavit shall be served with the motion.' This court has held that: 'The purpose of the statute [Code Ann. § 81A-106(d) (now OCGA § 9-11-6(d))] is to prevent a party from being surprised the day of the hearing by an affidavit that he would not be in a position to answer.' [Cit.]" *Fairington, Inc. v. Yeargin Constr. Co.,* 144 Ga. App. 491, 492 (241 SE2d 608).

"It should be noted that the strict requirement that affidavits in support of motions for summary judgment 'shall be served with the motion' is not absolute, but trial judges may exercise their discretion to permit the late filing of affidavits. [Cit.] The party seeking to file affidavits late must make a motion and obtain an extension from the court pursuant to Code Ann. § 81A-106(b). In the present case there was no request made for an extension of time within which to file and serve the affidavits prior to making the motion for summary judgment nor was there a finding of excusable neglect in failing to

serve the affidavits with notice of the motion for summary judgment. Therefore, appellee failed to proceed in a manner that would permit the trial court to exercise its discretion under § 81A-106(b)." *Bailey v. Dunn,* 158 Ga. App. 347, 348 (280 SE2d 388).

We find that the foregoing rationale applies equally as well in this case and that the trial court improperly considered appellee's late affidavit, without which there was no evidence to show that the court lacked jurisdiction or that the venue was improper. The affidavit was not filed with appellee's motion and there is nothing in the record to show that appellee requested an extension of time in which to serve and file the affidavit or a finding of excusable neglect in failing to serve the affidavit with the notice of the motion. Accordingly, there was no evidence properly before the court to support its finding, which was clearly erroneous. OCGA § 9-11-52(a) (Code Ann. § 81A-152).

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 27, 1983.

*James B. Crew, Jr.,* for appellant.
*James B. Gordon,* for appellee.