70281. INTERNATIONAL FURNITURE DISTRIBUTORS, INC.
v. LIFSHULTZ FAST FREIGHT, INC. et al.
(335 SE2d 628)

BENHAM, Judge.

Appellee brought suit against appellant on an open account. Appellant answered with a general denial of liability and an allegation that service of process was insufficient. This appeal is from the grant of summary judgment to appellee.

1. Appellant's first enumeration of error is that the trial judge granted summary judgment without first making a determination on the defense of improper service. We find no merit in appellant's argument that a preliminary hearing under OCGA § 9-11-12 (d) is the sole means of determining sufficiency of service. That section provides that such a defense "shall be heard and determined before trial *on application of any party* unless the court orders that the hearing and determination thereof be deferred until the trial." (Emphasis supplied.) Here, there was no such application. The very language of the section presupposes that in some cases the issue will not be determined until trial. Since the purpose of summary judgment is to eliminate the necessity of a jury trial where there is no conflict in the facts and one party is entitled to judgment as a matter of law, we see no reason why this issue should not be determined on a plaintiff's motion for summary judgment if the record demonstrates no issues of fact with regard to service.

*Big Canoe Corp. v. Williamson*, 168 Ga. App. 179 (308 SE2d 440) (1983), and other cases advanced by appellant for the proposition that summary judgment is not the proper vehicle for determining issues of service because it is a matter in abatement are not applicable. In those cases, it was the defendant who sought summary judgment, and we reasoned that since it was merely a matter in abatement, judgment for the defendant on the merits would not be appropriate. However, the movant for summary judgment in this case was the plaintiff, and service was not the only issue on which judgment was sought.

The record in this case contains documents showing valid service on appellant. That return of service constitutes a prima facie showing that proper service was accomplished. *Brown v. WTA/CHC, Inc.*, 172 Ga. App. 636 (324 SE2d 205) (1984). When a movant for summary judgment has established such a prima facie showing, the party opposing the motion cannot rely on allegations in the pleadings, but must present evidence to rebut the showing. *Oliver v. Thomas*, 158 Ga. App. 388 (280 SE2d 416) (1981). Appellant made no such factual showing, so appellee was entitled to a finding in its favor on the service issue.

2. Appellant's second enumeration, that the grant of summary

judgment to appellee was error, is supported by two arguments. The first is that appellant showed by an affidavit that it had credits due it from appellee for damages to the material transported by appellee. However, the affidavit on which appellant relies sets forth no facts to support the conclusion in the affidavit that appellant was entitled to certain credits. Such conclusory showings will not prevent the grant of summary judgment. *Meredith v. Smith & Shiver*, 157 Ga. App. 522 (277 SE2d 805) (1981).

The second argument is that appellant established through the same affidavit that appellee did not perform under the contract underlying the account on which the suit was based. That assertion amounts to an attempt to raise the defense of failure of consideration by means of the affidavit in opposition to appellee's motion for summary judgment. Failure of consideration is an affirmative defense and as such may not be raised in that way and at that time. *Dromedary, Inc. v. Restaurant Equip. Mfg. Co.*, 153 Ga. App. 103 (264 SE2d 571) (1980); *First Nat. Bank v. McClendon*, 147 Ga. App. 722 (250 SE2d 175) (1978).

3. After an oral argument in this case, appellant filed a document by which he attempted to amend his enumeration of error. "Enumerations of error may not be amended after the time for filing has expired. [Cit.]" *Burke v. State*, 153 Ga. App. 769, 771 (266 SE2d 549) (1980).

The grant of summary judgment to appellee was not error for any of the reasons assigned by appellant.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 5, 1985 —
REHEARING DENIED SEPTEMBER 19, 1985 — 

*Glenville Haldi*, for appellant.
*Mark L. Golder*, for appellees.