73614. MUNNA v. LEWIS et al.
(354 SE2d 181)

BANKE, Presiding Judge.

This litigation resulted from the breakdown of an office-space-sharing arrangement between two plastic surgeons, Dr. Munna (the appellant herein) and Dr. Lewis (one of the appellees). The parties initially entered into the arrangement in the early 1970's, at a time when Dr. Munna was in the process of establishing a plastic surgery practice in Atlanta and Dr. Lewis already had a well-established practice. In 1980, the two physicians reached an oral understanding pursuant to which Dr. Munna was to pay a certain percentage of their total office expenses and Dr. Lewis was to arrange for patients who called the office seeking an appointment with him to be informed of Dr. Munna's availability and of the lesser waiting period generally required to see him.

Dr. Munna asserts that he soon began to question whether patients were being referred to him in accordance with this oral agreement and consequently ceased paying any portion of the office expenses. On April 15, 1982, however, he executed a promissory note to

Dr. Lewis in the amount of $45,064.27, in full payment of the accrued expenses allegedly owed by him as of that date. In the statement of facts contained in his brief on appeal, Dr. Munna asserts that he signed this note notwithstanding Dr. Lewis' refusal "to discuss his prior failures to refer patients" but in reliance on Dr. Lewis' oral promise "to adhere to the parties' agreement regarding referrals in the future."

Despite Dr. Lewis' alleged continued failure to comply with the referral agreement, Dr. Munna made payments of principal and interest on the promissory note totalling about $45,000, leaving a balance of $2,092.15 owing as of June of 1983. In April of 1983, the two doctors separated; and a year later, on June 1, 1984, Dr. Lewis brought the present action against Dr. Munna, seeking to recover the accrued principal and interest then owing on the note, as well as to recover additional office expenses in the amount of $32,397.16 allegedly incurred by Dr. Munna since the execution of the promissory note. Also, Dr. Lewis sought to recover litigation expenses pursuant to OCGA § 3-6-11.

Dr. Munna denied liability and counter-claimed to recover damages for Dr. Lewis' alleged breach of the referral agreement. In addition, he sought to recover damages for Dr. Lewis' alleged conversion of certain property and for his alleged tortious interference with Dr. Munna's patient relationships. Finally, Dr. Munna sought to recover in quantum meruit for certain services he had allegedly rendered to Dr. Lewis. Dr. Munna was later permitted to add Dr. Lewis's office manager, Carol O'Neal, along with a corporation known as The Institute for Plastic Surgery, Inc., as defendants-in-counterclaim in connection with the tortious interference claim.

The trial court awarded Dr. Lewis summary judgment both on his claim for the balance due on the promissory note and on Dr. Munna's counter-claim to the extent Dr. Munna sought to recover for (1) any breach of the referral agreement occurring prior to the execution of the promissory note on April 15, 1982; (2) intentional interference by Dr. Lewis and his staff with Dr. Munna's relationships with his patients; and (3) any services rendered by Dr. Munna to Dr. Lewis prior to April 15, 1982. The court additionally ruled that all claims and defenses asserted by Dr. Munna based on conduct and transactions occurring prior to June 1, 1980, were barred by the statute of limitation. Dr. Munna appeals. *Held*:

1. Dr. Munna asserts that the trial court erred in awarding Dr. Lewis summary judgment for the balance due on the promissory note, arguing that fact issues exist with respect to whether the note was supported by adequate consideration. This contention is without merit for two reasons. First, failure of consideration is an affirmative defense which must be affirmatively pled, and it was not so pled in

this case. See OCGA § 9-11-8 (c); *Dromedary, Inc. v. Restaurant &c. Co.*, 153 Ga. App. 103 (264 SE2d 571) (1980); *International Furniture Distrib. v. Lifshultz Fast Freight*, 176 Ga. App. 102 (2) (335 SE2d 628) (1985). Second, Dr. Munna admitted in his deposition that he was indebted to Dr. Lewis for the unpaid office expenses, testifying as follows: "The amounts of money stated on the promissory note were the amounts that were indicated to me by Dr. Lewis as our joint share. It did not address the problem of his other obligations to me. So when you say, do I feel that I owed that amount of money, from a number's point of view of things that were extended, the numbers are there, but it doesn't answer his obligations to me vis-a-vis his obligation in referring patients."

To the extent Dr. Munna contends that his obligation to pay the note was intended to be conditional upon Dr. Lewis' future compliance with the alleged referral agreement, he has asserted no defense because the note is by its terms an unconditional promise to pay, and parol evidence may not be introduced to vary its terms or otherwise inject conditions not apparent on its face. See *Brooks v. McCorkle*, 174 Ga. App. 132 (329 SE2d 214) (1985). To the extent Dr. Munna contends that some portion of the accrued office expenditures represented by the note were not properly charged to nor actually owed by him at the time he signed the note, he has asserted no defense because his execution of the promissory note operated to extinguish all such defenses to the indebtedness. See *Ameagle Contractors v. Va. Supply & Well Co.*, 144 Ga. App. 477 (1) (241 SE2d 594) (1978). In other words, the time to have undertaken such an examination of the expenditures charged to him by Dr. Lewis was before signing the note.

2. Dr. Munna's malicious interference claim is based on allegations that, after he left Dr. Lewis' office in April of 1983, various patients and prospective patients who called there seeking to contact him were falsely and maliciously told by the office personnel with whom they spoke that his whereabouts were unknown, with the result that such patients and prospective patients were not only prevented from reaching him but were left with the impression that he was professionally irresponsible. When asked at his deposition if he could specify any particular instances of such conduct, however, Dr. Munna testified, "[A]t this time I can't recall any." Likewise, when asked by way of interrogatories what evidentiary support he had for this claim, he replied that he would have none until he had completed discovery in the matter.

The trial court did not rule on Dr. Lewis' motion for summary judgment until over a year after Dr. Munna submitted these interrogatory responses, by which time the action had been pending for over two years. Given Dr. Munna's continued inability or unwillingness

throughout this period to cite any specific instances of the alleged conduct in question, the trial court was authorized under such circumstances to conclude that no such conduct had in fact occurred and that no material issue of fact remained to be tried with respect to this claim. Consequently, the trial court was authorized to award Dr. Lewis summary judgment on the claim, notwithstanding the absence of any sworn testimony affirmatively negating the allegation that such conduct had occurred. See *Martin v. Newman*, 162 Ga. App. 725 (1), 726 (293 SE2d 18) (1982). Accord *Celotex Corp. v. Catrett*, (54 L.W. 4775) (No. 85-198, decided 6/25/86).

We emphatically reject Dr. Munna's contention, raised in a supplemental brief, that Dr. Lewis somehow prevented him from conducting discovery on this claim by failing, for some 16 months after the granting of his motion to add Ms. O'Neal and The Institute for Plastic Surgery, Inc., as defendants-in-counterclaim, to comply with a promise to forward to him acknowledgements of service signed by these parties. In the first place, these two parties were clearly subject to discovery before they were formally made parties. See generally OCGA §§ 9-11-31 (a) (1); 9-11-34 (c). In the second place, Dr. Munna was obviously fully capable during the period in question of simply having these parties served with process if lack of such service was deemed an impediment to discovery.

3. The appellant contends that the trial court erred in ruling that the four-year statute of limitation applicable to claims for breach of oral or implied contracts (see OCGA §§ 9-3-25; 9-3-26) operated to bar all of his "claims and defenses based on conduct and transactions prior to June 1, 1980, i.e., four years before the complaint was filed on June 1, 1984." This contention is rendered moot by our ruling in Division 1 of this opinion to the effect that Dr. Munna's execution of the promissory note on April 15, 1982, operated to extinguish all his claims and defenses based on transactions occurring prior to that date. See *Ameagle Contractors v. Va. Supply & Well Co.*, supra; *Sutton v. Hurley*, 12 Ga. App. 312 (77 SE 218) (1912).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED FEBRUARY 10, 1987 —
REHEARING DENIED FEBRUARY 24, 1987 —

*Timothy J. Sweeney, L. Katherine Adams, Perry Phillips*, for appellant.

*Walter B. McClelland*, for appellees.