76085. IN THE INTEREST OF J. T. S. et al.
(365 SE2d 550)

BANKE, Presiding Judge.

The appellants appeal the termination of their parental rights with respect to their two minor children, W. S. and J. T. S.

At the time of the hearing, which took place in June of 1987, the appellant-mother was 30 years old and appellant-father was 76 years old. During their 12-year marriage the appellants had four children, two of whom died within only a few months of birth. The eldest surviving child, W. S., was born on July 3, 1979; and the remaining child, J. T. S., was born on November 29, 1985. J. T. S. has been diagnosed as microcephalic and is suffering from motor development delay and seizure disorder, as a result of which he requires constant medical supervision.

A Department of Family and Children Services (DFCS) caseworker testified at the hearing on the termination petition that she had begun working with the appellants after W. S. was born, initially on a daily basis and subsequently on a weekly basis, in an attempt to teach them such basic parenting skills as feeding, nurturing, and hygiene. This witness testified that even with this concerted effort the appellants were unable to care for their daughter adequately. For example, W. S. suffered from chronic ear and kidney infections for which she did not receive proper medical attention; and following those occasions when she was taken to the doctor, often at the prompting of the DFCS, the appellants neglected to administer the prescribed medicine to her. Although the DFCS had provided adequate clothing for W. S., the child was often dressed in clothing which did not fit properly. Also, she did not attend school on a regular basis and often used foul language.

It was shown that J. T. S. had been hospitalized for 9-10 days following his birth, suffering from severe dehydration and weight loss due to inadequate feeding and also from a skin rash attributable to his very poor hygienic condition. At that time, the hospital asked the DFCS to intervene due to fears that J. T. S. would not survive if returned to his parents.

In addition to the foregoing evidence, there was testimony that the appellant's home was continually unsanitary. On the day the children were removed from the home, the carcasses of decaying rats and of an opossum were observed in the kitchen and living room of the house. *Held*:

1. There was clear and convincing evidence to support the termination of the appellants' parental rights pursuant to OCGA § 15-11-81 (a) & (b). See generally *In re B. D. C.*, 256 Ga. 511 (350 SE2d 444) (1986); *In re N. F. R.*, 179 Ga. App. 346 (346 SE2d 121) (1986).

2. The appellants contend that the lower court erred in considering certain hearsay evidence contained in reports received from various doctors, teachers and other diagnostic specialists. Although OCGA § 24-3-14 allows for the admission of records made in the regular course of business, records which contain diagnostic opinions of third parties who are not available for cross-examination are generally

inadmissible. See *Baker v. State*, 251 Ga. 464 (2) (306 SE2d 917) (1983). However, the Georgia Supreme Court has held that a trial court's consideration of hearsay contained in such records will not constitute reversible error where "the evidence introduced at the hearing, not considering the report, was sufficient to support the findings and conclusions of the juvenile court judge." *In the Interest of M. A. C.*, 244 Ga. 645, 655 (261 SE2d 590) (1979). There was ample evidence in the present case to support the juvenile court judge's finding of continued deprivation even without reliance on the hearsay records. It follows that the admission of the reports in question does not require reversal of the judge's decision.

. *Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 9, 1988.

*Claude S. Beck*, for appellants.

*Allan R. Ramsay, Michael J. Bowers*, Attorney General, *Marion O. Gordon*, First Assistant Attorney General, *Carol A. Cosgrove*, Senior Assistant Attorney General, for appellee.