77336. IN THE INTEREST OF S. L. et al.
(375 SE2d 484)

BANKE, Presiding Judge.

The appellant's parental rights with respect to her three minor children, J. J., S. L., and D. R. L., were terminated pursuant to OCGA § 15-11-81 based on findings of parental misconduct and inability. On appeal, she contends that these findings were not supported by clear and convincing evidence.

At the time of the hearing, which was held in April of 1988, the children were approximately 5, 3, and 2 years of age, respectively. The appellant was 21 years of age at the time and was 8-1/2 months pregnant. The Newton County, Georgia, Department of Family and Children Services (DFCS) first became involved with the family in December of 1984, just prior to J. J.'s second birthday. The DFCS

obtained custody of J. J. in June of 1985, based upon a showing that the appellant was emotionally unstable and had no place of residence to offer the child. S. L. was born in August of 1985. In June of 1986, both J. J. and S. L. were temporarily removed from the appellant's custody based on a finding that they had been left with an inappropriate caretaker.

D. R. L. was born on August 21, 1986, suffering from severe medical problems. The day after his birth he was transferred to Henrietta Egleston Hospital for Children in Atlanta for treatment. While D. R. L. was thus hospitalized, the DFCS sought and obtained an order granting it temporary custody of the other two children, based on a showing of deprivation. However, on August 27, 1986, before this custody order could be put into effect, the appellant removed D. R. L. from the hospital against medical advice and fled by bus to Iowa with all three children.

The appellant admitted that upon her arrival in Iowa she did not immediately seek medical attention for D. R. L., even though he was exhibiting signs of medical distress. Four days later, she took the child to a hospital emergency room for treatment; however, she initially refused, again against medical advice, to authorize an emergency transfer of the child to a larger facility, stating that she believed he was not sick. The following day, a juvenile court in Iowa issued a temporary custody order removing all three children from the appellant's custody. The appellant has not had custody of the children since then and has made only sporadic efforts to remain in contact with the children.

It was shown that while in the appellant's custody the children had been exposed to physical violence. A psychologist who had evaluated the appellant testified that she believed the appellant lacked the capacity to raise the children, in part because she lacked the ability to take care of herself. There was evidence that the appellant had been uncooperative with and physically abusive to caseworkers, that she had failed to comply with a court-ordered plan requiring her to pay child support and to attend parenting classes, and that she had made little effort either to create a stable home environment or to remain employed. *Held*:

Based on our review of the record, we hold that the termination order was supported by clear and convincing evidence of "parental misconduct or inability," within the contemplation of OCGA § 15-11-81 (a) and (b). See generally *In re B. D. C.*, 256 Ga. 511 (350 SE2d 444) (1986); *In the Interest of J. T. S.*, 185 Ga. App. 772 (365 SE2d 550) (1988). "In a case such as this, a plea of [additional time] to improve is without force to overcome the proof of unrelieved detriment already suffered by the children for their entire life, where there is no indication but the promise to suggest hope of improvement." *In*

re G. M. N., 183 Ga. App. 458, 461 (359 SE2d 217) (1987).
Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.

## ON MOTION FOR REHEARING.

On motion for rehearing, the appellant contends that the judgment of the lower court must be vacated and the case remanded pursuant to the Supreme Court's decision in In re L. L. B., 256 Ga. 768 (353 SE2d 507) (1987), based on the trial court's failure to appoint an attorney for the children. Because this issue was not raised by the appellant in her original brief and enumeration of errors, it will not now be considered. "Enumerations of error may not be amended after the time for filing has expired." Burke v. State, 153 Ga. App. 769, 771 (266 SE2d 549) (1980). See also Intl. Furn. Distrib. v. Lifshultz Fast Freight, 176 Ga. App. 102, 103 (3) (335 SE2d 628) (1985). The motion for rehearing is denied.

DECIDED NOVEMBER 4, 1988 —
REHEARING DENIED NOVEMBER 21, 1988 —

W. Donald Kelly, for appellant.
Horace J. Johnson, Jr., Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, for appellee.