A89A1567, A89A1568. SMITH v. TRAVIS PRUITT & ASSOCIATES; and vice versa.

(385 SE2d 132)

DEEN, Presiding Judge.

Appellee/cross-appellant Travis Pruitt & Associates, P.C. (Pruitt), was engaged by appellant/cross-appellee Roswell Properties, Inc. (Roswell), of which appellant/cross-appellee Smith is president, to do professional engineering and land-surveying work on a residential subdivision planned by Roswell. When Pruitt had completed at least 75 percent (more, according to Pruitt) of the work called for in the contract, it billed Roswell for work done to date but received only a token sum (less than 2 percent of the total) from Roswell. After sending several duplicate invoices, Pruitt ceased work on the project. Defendants then executed a promissory note in an amount somewhat less than the total of the unpaid invoices, together with an agreement regarding future work and payments. Pruitt recommenced work but was not paid either on the promissory note or for work performed subsequent to execution of the note. Pruitt again ceased work and brought an action on the note. Defendants answered, alleging fraud in the procurement of the note and failure of consideration, and coun-

terclaimed for fraud, breach of contract, and engineering malpractice. After denial of a motion for summary judgment on the complaint, Pruitt moved for summary judgment on the corporate defendant's counterclaims and on Smith's original and amended individual counterclaim. Summary judgment was awarded against Smith individually but denied as to Roswell. Smith appealed the award of summary judgment against him as an individual, and Pruitt cross-appealed the denial of summary judgment against Roswell. *Held*:

1. The record reveals that, while working on the flood-plain study, Pruitt discovered substantial errors in an earlier study which Roswell had provided for Pruitt's use as a basis for the preliminary plat and construction plans. The discrepancy between the two flood-plain studies necessitated a reworking of the construction plans which Pruitt had earlier submitted to DeKalb County authorities. Several other changes were subsequently incorporated into the construction plans and submitted for county approval. On January 29, 1986, final construction plans having been submitted to the county, Pruitt invoiced defendant for work done from May 29, 1985 (the date on which work was begun), through January 1986. In the next six weeks Pruitt submitted three additional invoices, the four totaling $28,243.25. No payment being forthcoming, Pruitt ceased work March 17, 1986. Some three to four weeks later, Smith proposed to Pruitt that he (Smith) execute in his individual capacity a note for $25,924.50 (an amount representing two of the four invoices), one half of principal and interest to be paid ten days after the county's acceptance of the final plat, and the other half ten days later. Pruitt insisted on a ninety-day unconditional promissory note for the full amount, plus a written agreement governing future work and payment arrangements. According to the record, these documents were executed on or about May 1, 1986. A subsequent invoice for further work was paid later, and the promissory note went into default July 28, 1986.

Pruitt filed suit on the promissory note in September 1986, at which time approximately 98 percent of the balance invoiced was still unpaid. Defendants hired another engineer to draw up a final plat, since when the note went into default Pruitt had retrieved the plat it had filed with the county. In its counterclaim Roswell alleged negligent performance (including delays attributable to Pruitt, together with inadequate drawings, etc.), breach of contract, and fraudulent inducement of the defendants to sign the note by promising to complete the final engineering work (final plat, staking, etc.) while having a present intent not to fulfill the promise. In his individual counterclaim Smith made essentially the same allegations as those made by Roswell. Smith subsequently amended the counterclaim to seek as damages the alleged excess charges on the original contract price, plus other expenses allegedly caused by Pruitt's actions.

498

Scrutiny of the record indicates that, as to the claims of fraudulent inducement and failure of consideration, the unconditional language of the promissory note negates any such allegations; the principal sum of the note represented an obligation that had already accrued. Pruitt's agreement to continue working and forbearance to sue on the overdue account would be sufficient consideration to Smith and his company. OCGA § 13-3-42 (a), (c) (2). It appears from the record that Pruitt agreed to continue with the work contracted for, presumably to completion, the only condition being that his invoices for further work be paid in a timely manner, as they were rendered. This is a different matter altogether from the promissory note, which was a simple promise to pay an existing obligation; any "conditions" imposed by Pruitt referred to future work only, and were embodied in an agreement contemporaneous with but distinct from the promissory note. Cf. *Munna v. Lewis*, 181 Ga. App. 860 (354 SE2d 181) (1987). Moreover, Smith's and Roswell's contentions regarding alleged extra charges over and above the original contract price provide no defense, since all such defenses to the indebtedness were extinguished by the execution of the promissory note for a principal sum which was the total of the separate invoices. *Munna v. Lewis*, supra at 862. We find no failure of consideration and no indicia of fraud as regards Pruitt's relationship with either Smith or Roswell.

2. The contract underlying the action below was, of course, between Roswell and Pruitt; Smith was not a party but signed the contract only in his capacity as president of Roswell. Smith therefore actually has no standing as an individual to bring claims of negligent performance or breach of contract; and any claim of this sort should have been dismissed in the trial court. Because Pruitt received summary judgment on all of Smith's counterclaims, however, the point is moot.

3. As to the counterclaims of negligence and breach of contract raised by Roswell, the record appears to indicate that there remain certain issues of material fact which properly should be tried. We therefore affirm the judgments of the trial court in both cases.

*Judgments affirmed. Birdsong and Benham, JJ., concur.*

DECIDED JULY 13, 1989 —
REHEARINGS DENIED JULY 26, 1989 —

*Mark A. Smith III*, pro se.
*Webb & Daniel, Harold T. Daniel, Jr., William C. Gentry*, for appellee.