A92A0805. COLLINS v. BYRD et al.
(420 SE2d 785)

McMURRAY, Presiding Judge.

The appellant Annie Collins was severely injured in a one vehicle collision on January 18, 1987. She filed suit on January 17, 1989, against Gary Kenneth Byrd, Kevin Byrd and Rosa L. Williams, alleging that Rosa L. Williams owned the vehicle and negligently entrusted it to Gary Kenneth Byrd, who was driving it under the direction of Kevin Byrd, and that their combined negligent actions proximately caused her injuries. Also, named as a defendant was General Motors Corporation ("GM"), which was alleged to have been negligent in the design and manufacture of the vehicle, a 1972 GMC Rally van, and in failing to warn of the danger after it was discovered. Named as further defendants were the State of Georgia and the State of Georgia Department of Transportation ("DOT"), which she asserted had negligently designed, repaired and/or maintained State Route 4 in such a manner as to cause water to stand on the highway and the vehicle in which she was a passenger to hydroplane and crash into a tree. Appellant did not claim that any defect in the van or any negligence of GM caused the van to leave the roadway, and GM moved for summary judgment based upon the statute of repose and appellant's failure to develop or reveal through discovery any evidence in support of her action. DOT raised the defense of sovereign immunity and also moved for summary judgment. A hearing was scheduled on these motions for April 6, 1990, but shortly beforehand appellant indicated she would voluntarily dismiss her complaint without prejudice. This dismissal was filed on April 12, 1990, and on October 10, 1990, one day before expiration of the six-month period provided by the renewal statute, appellant refiled her complaint reasserting all the claims originally raised against all the defendants. Again she cited no facts to support her negligence claims in response to GM's discovery efforts, and named no individual defendants nor alleged a waiver of sovereign immunity as to DOT.

On November 29, 1990, DOT moved for summary judgment on the same grounds raised in the original suit. In response thereto, appellant filed a motion to add named employees of DOT. A hearing was held on these motions on July 17, 1991, at which time the trial court denied appellant's motion, and on August 19, 1991, granted DOT's motion for summary judgment on grounds of sovereign immunity. After appellant failed to comply with its requests for supplemental discovery, GM's motion for summary judgment filed on February 13, 1991, was granted by the same order. This appeal is from that order. *Held*:

1. Appellant contends that the trial court erred by shifting the burden to her to go forward with evidence to prove her right to re-

cover against GM before it presented any evidence to pierce any material allegation of her complaint. She relies upon the fundamental principles of OCGA § 9-11-56 placing the burden on the moving party for summary judgment to establish the nonexistence of any genuine issue of material fact, and resolving all doubts against the movant. However, GM represents, and the record affirms, that during the three years of litigating this case appellant has never at any time produced any competent evidence of any defect in design, manufacture or operation of the almost 20-year-old vehicle in which she was injured. The fact that appellant was thrown up against the back of the van at the time of the collision or that the interior of the van had metal framing, as she alleged, in no way supports her claims.

A defendant may prevail on its motion for summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.] A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Accord *Mauldin v. Weinstock*, 201 Ga. App. 514 (5) (411 SE2d 370) (1991). *Sullenberger v. Grand Union Co.*, 201 Ga. App. 194 (410 SE2d 381) (1991).

"Given [appellant's] continued inability or unwillingness throughout [the three-year period this case has been in litigation] to cite any specific instances of [GM's alleged negligence], the trial court was authorized under such circumstances to conclude that no such conduct had in fact occurred and that no material issue of fact remained to be tried with respect to this claim. Consequently, the trial court was authorized to award [GM] summary judgment on the claim, notwithstanding the absence of any sworn testimony affirmatively negating the allegation that such conduct had occurred. [Cits.]" *Munna v. Lewis*, 181 Ga. App. 860, 862 (2), 863 (354 SE2d 181) (1987).

2. Appellant asserts that the trial court erred in denying her motion to add three individual employees of DOT as defendants, as they were merely nominal parties necessary to trigger the insurance coverage and the case would in reality still be against the original defend-

ant, DOT. See generally *Price v. Dept. of Transp.*, 257 Ga. 535 (361 SE2d 146) (1987) and *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300 (357 SE2d 569) (1987). This court has previously considered and rejected appellant's argument that the six-month renewal period allowed by OCGA § 9-2-61 interacts with the amendment provisions of OCGA § 9-11-15 (c) to permit the addition of new parties who would otherwise be barred by the two-year statute of limitation for personal injury actions. " 'CPA § 15 (c) provides for the relation back of an amendment to "the date of the original pleading." We interpret the phrase "original pleading" to mean the pleading being amended. In the present case, the pleading being amended was the second complaint. When that complaint was filed, the statute of limitation had already run as to [the individual DOT employees].' [Cit.] Thus, the renewal statute 'may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued.' [Cits.]" *Wagner v. Casey*, 169 Ga. App. 500, 501 (2), 502 (313 SE2d 756) (1984). Accord *Heyde v. Xtraman, Inc.*, 199 Ga. App. 303 (404 SE2d 607) (1991). Because appellant refiled her complaint naming only DOT as defendant despite her knowledge of DOT's sovereign immunity defense in the original action, her attempt to amend the pleadings by adding the individual defendants more than two years after the running of the statute of limitation was foreclosed.

3. Appellant's final enumeration of error challenges the grant of summary judgment to DOT on the issue of sovereign immunity. She submits that even without the naming of individual employee defendants, the purchase of liability insurance or the establishment of a fund to cover injuries resulting from the acts of the individual employee should be deemed a knowing waiver of sovereign immunity. However, "[t]he appellant never made any such allegation in the court below, with the result that [DOT] was never called upon to deny the existence of such insurance coverage and the trial court was never called upon to rule on the issue. Consequently, this contention presents nothing for review on appeal. . . . Indeed, the general rule is that '(i)n the absence of express statutory (or constitutional) authorization, neither counsel for the state nor any of its agencies may, by affirmative action or by failure to plead, waive the defense of governmental immunity.' [Cits.]" *Kelleher v. State of Ga.*, 187 Ga. App. 64 (1), 65 (369 SE2d 341) (1988). Thus, summary judgment was also properly granted to DOT. Compare *Jackson v. Dept. of Transp.*, 201 Ga. App. 863 (412 SE2d 847) (1991).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JUNE 26, 1992 —
RECONSIDERATION DENIED JULY 13, 1992 —

*Richard Phillips*, for appellant.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, William G. Cromwell, Staff Attorney, King & Spalding, Paul B. Murphy, Dubberly & McGovern, Bruce D. Dubberly III*, for appellees.