A97A2032. In the Interest of M. L. P. et al., children.
(498 SE2d 786)

Birdsong, Presiding Judge.

Cheryl Penamon appeals the termination of her parental rights. The trial court issued an extensive order containing findings of fact and conclusions of law, including the finding that for three years prior to the hearing, these two children, ages four years and five years, had been in the custody of the Monroe County Department of Family & Children Services by previous unappealed orders of the court; that the agency was first granted temporary custody in 1993 because the mother had left three young children abandoned; that numerous efforts to reunify the mother with the children had failed; that the mother failed to visit the children pursuant to these reunification plans and has failed to maintain adequate housing; that since August 1993 the mother has moved eleven times and has had six jobs; that in 1994 DFACS refused to return the children to the mother because of her living conditions; and that there are no relatives willing to care for either of these children. For its conclusion that clear and convincing evidence supports termination of the mother's rights, the trial court extensively recited and relied upon the findings of a citizen's judicial review panel; the court's conclusion that there is a lack of bonding between the mother and the children came solely from a finding by the citizen's review panel.

The trial court's statement of the seminal evidence that the mother abandoned her children is as follows: "This mother was back in Juvenile Court with these 2 children and a 3rd child . . . and temporary custody was granted to DFACS on 18 August, 1993 because this mother had left her young children unattended. She stated *to someone* [that she could not deal with all three children at the same time] — (the court took judicial notice of this on the previous case involving this mother and the same parties)." (Emphasis supplied.)
*Held*:

Before parental rights may be terminated there must be clear and convincing evidence of *present* unfitness. OCGA § 15-11-81. As there is no judicial determination that has more drastic significance than the permanent severance of a natural parent-child relationship, the severance of those rights must be exercised most cautiously and scrutinized deliberately. *McCormick v. Dept. of Human Resources*, 161 Ga. App. 163 (288 SE2d 120).

The record contains evidence that since appellant moved to Grif-

fin, Georgia, in 1996, her situation has improved; that she has obtained an apartment, found a job and is financially independent of her parents; that she has visited her children except when she encountered transportation problems; that she believed she was complying with DHR's requirements; and that she has provided Christmas and birthday presents for her children and provided necessities even after automatic payroll deductions were stopped.

Appellant's mother, who previously was in agreement that the children should be removed from appellant, testified that in the past year appellant's attitude toward everyone had changed, that appellant was working and taking care of her home and was properly caring for the other child who remains in her custody.

The DHR's primary witness for termination of appellant's parental rights was a caseworker who worked with appellant only briefly, from May 1996 to December 1996, and who had never spoken with appellant's employers in Griffin and has never visited appellant's home in Griffin. A caseworker who supervised appellant from July 1996 to September 1996 testified that appellant was making progress on the reunification plan and that the child now in appellant's custody is cared for appropriately and their home is clean. This caseworker refused to state an opinion that it was appropriate to terminate appellant's parental rights and stated that she was not comfortable recommending that the parent-child relations be severed although she would not hesitate to do so in an appropriate case. This caseworker also testified that M. L. P. and M. D. P. have a "strong attachment" to their mother.

The trial court based its decision in part, or in chief, on certain records of a "citizen's review panel" which contained hearsay evidence. See *In the Interest of J. T. S.*, 185 Ga. App. 772 (365 SE2d 550). Such *documents* are not clear and convincing evidence of present parental unfitness. OCGA § 15-11-41 (c) provides for the participation of a citizen's review panel in consultation with the DFACS in these cases. See, e.g., *In the Interest of H. L. W.*, 229 Ga. App. 264 (493 SE2d 637); *In the Interest of S. A. W.*, 228 Ga. App. 197 (491 SE2d 441). The *recommendations* of a "citizens review panel" can be afforded no legal weight by the trial court as a substitute for the court's own findings of fact in compliance with OCGA § 15-11-81. The citizen's review panel's findings of fact and recommendations are not legal evidence as the panel is not a court of record and its actions are not necessarily in compliance with regard to legal due process considerations. The court of record in these cases is the juvenile court, and its findings must be based on legal evidence and constitutional considerations. See OCGA § 15-11-65. The review panel is authorized to participate in the formulation of reunification plans which may become orders of the court (OCGA § 15-11-41 (c)), but the panel's

factual findings are not evidence if it amounts to hearsay.

We find no law or precedent which authorizes termination of parental rights by a trial court on findings almost exclusively based on findings of a citizen's review panel. A weakness of the DHR's case is proved by its heavy reliance on the recommendations of a "citizen's review panel" and on appellant's *past* parental unfitness which was obviously not so severe as to require the DHR to seek to terminate her parental rights at that time.

Although the record and transcript in this case may provide clear and convincing *competent* evidence of the mother's present unfitness such as to authorize termination of her parental rights, we are unable to find such evidence on the face of the trial court's order in this case. The case is remanded for issuance of an order based on competent evidence given at the hearing and in compliance with OCGA § 15-11-81.

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED MARCH 16, 1998.

*Ham, Jenkins, Wilson & Wangerin, Kevin A. Wangerin*, for appellant.

*Thurbert E. Baker, Attorney General, Jeffrey L. Milsteen, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Stephanie M. Baldauff, Assistant Attorneys General, W. Ashley Hawkins*, for appellee.