A01A1264. IN THE INTEREST OF C. C., a child.
(555 SE2d 762)

PHIPPS, Judge.

The juvenile court terminated the parental rights of C. C.'s biological mother and putative father based upon a petition alleging that C. C. was deprived. Her mother appeals, challenging the sufficiency of the evidence in several claims of error. Because the termination was based on a previous deprivation order that subsequently has been reversed, we vacate the termination order and remand the case for entry of findings of fact and conclusions of law and a new judgment.

The material facts of this case are set forth in *In the Interest of C. C.,*[1] in which C. C.'s mother appealed the juvenile court's order finding that the child was deprived. While that appeal was pending, the Department of Family & Children Services (DFACS) petitioned for the termination of the parental rights of C. C.'s mother and putative father, alleging that the child was deprived. After a hearing, the court terminated the parental rights of both parents. Subsequently, however, this court reversed the deprivation order, determining that the evidence was insufficient to support a finding of deprivation.[2] We now consider the mother's appeal from the juvenile court's termination of her parental rights.

1. The mother contends that the evidence was insufficient to terminate her parental rights. Before terminating parental rights, a juvenile court must employ a two-prong test that determines whether there is clear and convincing evidence of parental misconduct or inability and whether the termination of parental rights is in the best interest of the child.[3] On appeal, we review the evidence in the light most favorable to the State and determine whether a rational trier of fact could have found by clear and convincing evidence that the biological parent's rights have been lost.[4]

The juvenile court based its determination of parental misconduct or inability on certain findings it made pursuant to OCGA § 15-

---

[1] 249 Ga. App. 101 (547 SE2d 738) (2001).

[2] See id.

[3] OCGA § 15-11-94 (a); *In the Interest of T. M. S.,* 242 Ga. App. 442, 446 (2) (529 SE2d 892) (2000).

[4] *In the Interest of T. M. S.,* supra.

11-94 (b) (4) (A) (i) through (iv). One such required finding is that the child is deprived as defined in OCGA § 15-11-2.[5] While the juvenile court made a specific finding that C. C. was deprived, the order shows that the court based that finding on its previous deprivation order, which now stands reversed for lack of clear and sufficient evidence of deprivation.[6]

DFACS argues that reversal of the deprivation order does not mandate reversal of the termination order and asserts that additional evidence of deprivation was presented at the termination hearing. But the juvenile court's order shows that the court did not rely on such evidence in finding deprivation. Therefore, whether such evidence is in the record is not properly before us for we are unable to find such evidence given the juvenile court's order that is insufficient on its face.[7] Accordingly, the judgment is vacated, and the case is remanded for the juvenile court to enter findings of fact and conclusions of law and a new judgment.[8]

2. Based on our ruling in Division 1, we need not address the remaining claims.

*Judgment vacated and case remanded with direction. Smith, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 19, 2001.

*Elena M. Mushkin*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Assistant Attorney General, Edwards, Friedewald & Grayson, Robert J. Grayson*, for appellee.

---

[5] OCGA § 15-11-94 (b) (4) (A) (i).

[6] *In the Interest of C. C.*, supra at 103.

[7] See *In the Interest of M. L. P.*, 231 Ga. App. 223, 225 (498 SE2d 786) (1998); *In the Interest of D. S.*, 212 Ga. App. 203, 205 (441 SE2d 412) (1994), overruled on other grounds, *In the Interest of J. P.*, 267 Ga. 492, 493 (480 SE2d 8) (1997); *In the Interest of C. D. E.*, 248 Ga. App. 756, 764-765 (2) (546 SE2d 837) (2001) (given court's express reliance on hearsay, the principle that judges are presumed to "separate the wheat from the chaff" in making their determinations is inapplicable).

[8] See *In the Interest of M. L. P.*, supra; *In the Interest of D. S.*, supra.