**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 7, 2013**

# In the Court of Appeals of Georgia

A12A2429. BOGART v. WISCONSIN INSTITUTE FOR TORAH
        STUDY.

BRANCH, Judge.

On appeal from the trial court's grant of summary judgment to plaintiff
Wisconsin Institute for Torah Study in its action on a promissory note and on account,
defendant David Bogart argues that the Institute is not the real party in interest, that
the action is time-barred, and that factual inconsistencies in the Institute's evidence
preclude summary judgment. We find no error and affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving
> party must demonstrate that there is no genuine issue of material fact and
> that the undisputed facts, viewed in the light most favorable to the
> nonmoving party, warrant judgment as a matter of law. . . . [T]he burden
> on the moving party may be discharged by pointing out by reference to
> the affidavits, depositions and other documents in the record that there
> is an absence of evidence to support the nonmoving party's case. If the

moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Citations omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

So viewed, the record shows that on October 21, 2011, the Institute filed a complaint alleging that Bogart had executed contracts concerning the enrollment of two of his children at the Institute and that he owed $11,142.92 on account, which he had refused to pay. The complaint also alleged that in November 2003, Bogart had executed a promissory note in favor of the Institute in the amount of $19,524.20, with payments to be made "in the amount of $500 per month, beginning in July 2004 until completion, including any future tuition, fees, and pledges," and that Bogart had defaulted on the note. Attached to the Institute's complaint were (1) two executed contracts concerning Bogart's children's enrollment at the Institute for the 2001-2002 school year; (2) the November 2003 promissory note; and (3) the Institute's statement of Bogart's account dated March 28, 2011, and showing an amount due of $11,142.92.

Bogart filed an answer on his own behalf asserting, inter alia, that the Institute was not the real party in interest and that the complaint had failed to state a claim for

2

which relief could be granted. Bogart did not file a motion to dismiss, however, and no discovery was undertaken by either party.

The Institute filed a motion for summary judgment supported by an affidavit from the "Dean-President" of the Institute, who averred that his duties included "being custodian of the accounts receivable and business records of the company" as well as maintaining "the company's files containing the documents and correspondence" for those accounts and business records. The affidavit described the documents attached to the complaint as "prepared at or near the time of the events appearing on them" and "prepared and/or kept in the normal course of business" of the Institute. Finally, the affiant averred that based on these records and his personal knowledge, "there is now due [to the Institute] the principal sum of $11,142.92 by [Bogart] upon account"; that "no part thereof" had been "paid or satisfied"; and that any payments already made by Bogart "have previously been credited by [the Institute]." Neither party having requested a hearing on the Institute's motion, the trial court granted summary judgment to it in the amount of $11,142.92 plus interest and costs. This appeal followed.

1. Bogart first asserts that because the Institute has not shown whether it is a corporation, a partnership, or some other legal entity, it was not entitled to summary judgment as the real party in interest. We disagree.

Under 9-11-17 (a), "[e]very action shall be prosecuted in the name of the real party in interest." An objection to a party's status as the real party in interest "is a matter in abatement and does not go to the merits of the action." (Citation omitted.) *Fleming v. Caras*, 170 Ga. App. 579 (1) (317 SE2d 600) (1984). Thus such objections "'are properly disposed of pursuant to [a] motion to dismiss'" rather than a defendant's motion for summary judgment. Id., quoting *Primas v. Saulsberry*, 152 Ga. App. 88 (2) (262 SE2d 251) (1979).

Although "[t]he defendant bringing a motion in abatement has the burden of proving the facts necessary to support a judgment of dismissal," *Jones Motor Co. v. Anderson*, 258 Ga. App. 161, 162 (573 SE2d 429) (2002), a matter raised in abatement of an action is properly disposed of on a plaintiff's motion for summary judgment when the matter "was not the only issue on which judgment was sought." *Int'l Furniture Distributors v. Lifshultz Fast Freight*, 176 Ga. App. 102, 102 (1) (335 SE2d 628) (1985); see also *Wirth v. Cach, LLC*, 300 Ga. App. 488, 489 (685 SE2d 433) (2009) (a plaintiff moving for summary judgment must establish "the non-existence

4

of any genuine issue of fact," including defendant's assertion that plaintiff was not the real party in interest). Thus this Court has reversed a grant of summary judgment on the basis of a real-party-in-interest objection asserted in a defendant's answer when plaintiffs had failed to present "any evidence establishing their status as the current holders of an interest in the contract at issue." *Sawgrass Builders, Inc. v. Key*, 212 Ga. App. 138 (1) (441 SE2d 99) (1994).

Here, the Institute provided some evidence that it was the real party in interest when it produced and authenticated its statement of Bogart's account showing that he owed the Institute, and not any other party, the principal sum of $11,142.92, and Bogart has not provided any evidence that the account has been assigned to a specific third party. Compare *Sawgrass*, supra at 138 (1) (plaintiff failed to produce evidence that it remained a real party in interest after an assignment of the contract at issue to a third party). Because Bogart failed to produce any evidence in support of his asserted defense that the Institute was not the real party in interest, the trial court did not err when it implicitly rejected that defense and granted the Institute summary judgment. *Int'l Furniture*, supra at 102 (1) (affirming grant of summary judgment to plaintiff in action on account even though the trial court did not make a separate

determination under OCGA § 9-11-12 (d) on the defense of improper service, which was a matter in abatement).

2. Bogart also argues that the trial court erred when it failed to consider whether the applicable statute of limitation barred the Institute's suit. Even if we are troubled by the complaint's claim that the contracts were executed in 2009 when their subject matter was the 2001-2002 school year, the record shows that Bogart failed to raise the defense of any statute of limitation either in his answer or in his response to the Institute's motion for summary judgment.

OCGA § 9-11-8 (c) states that a party filing a responsive pleading "shall set forth affirmatively" defenses including that based on a "statute of limitations," and it is settled that a defendant "may not avail himself of an affirmative defense which he failed to properly present" to the trial court. *Searcy v. Godwin*, 129 Ga. App. 827, 829 (1) (201 SE2d 670) (1973). Because Bogart failed to raise the defense of the statute of limitation below, he has waived the issue on appeal. See id. (defendant's failure to raise a statute of limitation defense by pleading or motion before judgment waived the issue on appeal); see also *Int'l Furniture*, supra at 103 (2) (affirming grant of summary judgment when defendant's affidavit attempted to raise affirmative defense of failure of consideration only in opposition to plaintiff's motion for summary judgment).

6

3. Finally, Bogart asserts that factual inconsistencies in the Institute's pleadings and evidence preclude summary judgment. Specifically, Bogart points to (a) the complaint's assertion that the enrollment contracts were executed in 2009 while the contracts reference the 2001-2002 school year; (b) the account's specification of amounts due as arising after the term of the enrollment contracts giving rise to the indebtedness; (c) the promissory note's amount of $19,524.20 and the account's amount due of $11,142.92; and (d) the Institute's references to a credit card account as the origin of the indebtedness. These objections to the trial court's judgment are misplaced.

"In an action on account plaintiff has the burden of proving that defendant is indebted to him and in a definite and correct amount." (Citation omitted.) *White Stores v. Washington*, 135 Ga. App. 67 (217 SE2d 391) (1975). Here, the Institute came forward with the March 2011 statement showing a definite amount due on Bogart's account, and also submitted an affidavit from its president, who was the custodian of accounts receivable, authenticating the statement. See *Aon Risk Svcs. v. Commercial and Military Systems Co.*, 270 Ga. App. 510, 511-512 (1) (607 SE2d 157) (2004) (testimony of witness indicating that he is familiar with a corporate entity's method of keeping records and that the record was made in the regular course of business at

7

or within a reasonable time of the event was sufficient to authenticate it as a business record). Once the Institute had produced this evidence, Bogart could not rest on his pleadings, but was required to "point to specific evidence giving rise to a triable issue" concerning his indebtedness. *Lau's*, supra at 491. "Mere conclusions are not sufficient to withstand specific facts. A party opposing a motion for summary judgment, where the moving party has presented evidence of the necessary certitude, must, in his opposing affidavits, set forth specific facts showing a genuine issue to be decided." (Citations and punctuation omitted.) *Trebor Corp. v. Nutmeg Indus.*, 208 Ga. App. 697-698 (1) (431 SE2d 402) (1993). See also OCGA § 9-11-55 (a) (although a defendant may obtain a jury trial on unliquidated damages merely by filing a pleading placing them at issue, an action "based upon open account shall not be considered one for unliquidated damages").

Given his failure to provide any evidence putting the amount due into question or proving an affirmative defense, Bogart's speculations as to the origins or fluctuations of his indebtedness were not sufficient to overcome the Institute's prima facie case that he owed a "definite and correct amount" as of March 2011. Neither the date of the enrollment contracts giving rise to some part of the indebtedness nor the terminology by which the Institute has described Bogart's account are material to the

8

question of whether Bogart could defeat a motion for summary judgment supported by evidence showing that he owed a certain amount. It follows that the trial court did not err when it granted the Institute summary judgment as to the amount proved. *Trebor Corp.*, supra at 697-698 (1) (affirming grant of summary judgment in action on account where defendant's opposing affidavit failed to refute evidence including defendant's president's admission that the sum had not been paid); *Big Sandy Partnership v. BB&T Trust Co.*, 313 Ga. App. 871, 872 (1) (723 SE2d 82) (2012) (affirming grant of summary judgment where debtors failed to produce or point to facts proving their affirmative defenses); *Int'l Furniture*, supra at 103 (2) (affirming grant of summary judgment in action on account where defendant's affidavit failed to set forth facts showing that he was entitled to certain credits). Compare *Yalanzon v. Citibank*, 169 Ga. App. 961, 962 (1) (315 SE2d 677) (1984) (consumer's affidavits alleging that he had not been credited with various payments made on an account were sufficient to create a genuine issue of material fact as to the actual balance due).

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*