### 8333.  HADEN v. AUBREY, administrator.

1. The case was not taken out of the statute of limitations by the allegations of the plaintiff's petition, filed in May, 1916, by which he sought to recover an amount alleged to be due him as a balance from the proceeds of land sales which in April, 1907, the defendants, acting under a written contract between himself and the defendant corporation, made as his agents, and as to which, it was alleged, he discovered, in June, 1913, that they had deceived him by misrepresentations as to the price and the sums received as payments.
2. The allegations of the petition were not sufficient to entitle the plaintiff to proceed against the individual defendant alleged to be the principal stockholder and the controlling power in the defendant corporation and the active agent in the transactions set forth in the petition.

DECIDED JUNE 18, 1917.

Action on contract; from Fulton superior court—Judge Pendleton. December 5, 1916.

Haden demurred on the following grounds: (1) No cause of action against him is set forth in the petition. (2) He was not a party to the contract between the plaintiff and the defendant corporation. (3) It is not alleged that he received or retained any of the money from the sale of the land. (4) It is not alleged that a tender was made to him. (5) The petition seeks to revive a stale claim, barred by laches of the plaintiff. It fails to disclose how the plaintiff came to be so long ignorant of his alleged rights, or what means were used by the defendant fraudulently to keep him in ignorance, or how he first came to a knowledge of the matters alleged. (6) The petition shows that after failure for more than six years to discover the alleged deception, the plaintiff acquiesced

in it from June 1, 1913, to May 31, 1916, and it does not allege any actual hindrance or impediment caused by fraud or concealment on the part of this defendant, as an excuse for such acquiescence. (7) The petition fails to disclose any authority, from the court appointing the plaintiff as administrator, for instituting this proceeding. (8-20) In the remaining grounds the defendant demurred specially to each paragraph of the petition except the first. All the grounds of the demurrer were overruled.

Citations by counsel, as to bar of action: Civil Code (1910), § 4369; *Bryan* v. *Tate,* 138 *Ga.* 321; *Reynolds* v. *Martin,* 116 *Ga.* 458; *Johnston* v. *Preer,* 54 *Ga.* 162; *Haynes* v. *Urquhart,* 63 *Ga.* 325.

*Robert C. & Philip H. Alston,* for plaintiff in error.

*Colquitt & Conyers,* contra.

LUKE, J. 1. Aubrey, as administrator, brought a suit against Georgia Title Guarantors Company, and Haden, based upon the following contract, to wit: "It is this day agreed by and between G. H. Aubrey, administrator de bonis non of the estate of John Forsyth, deceased, of the one part, and the Georgia Title Guarantors Company, a corporation of Fulton county, Georgia, of the other part, that said company will, at its own expense, investigate the titles and the physical condition of the lands to which the estate or heirs of John Forsyth appear to have title, located in originally Appling, now Clinch, Echols, and Ware counties, Georgia, and such other lands as may appear to belong to said John Forsyth's heirs or estate, located in other parts of Georgia, and not in possession of any of said heirs or said estate. Said company will further undertake to take possession of said lands for said estate, or to sell the same, or, where necessary, to recover the same, said company paying all lawyer's fees or other expenses connected therewith, except actual court costs. For this service said company shall have one half of all recoveries, either in land or money, arising out of this contract, court costs to be first deducted. This agreement does not include Wayne or Charlton county lands. Signed this 4th day of March, 1905. G. H. Aubrey, administrator de bonis non of the estate of John Forsyth, deceased. Georgia Title Guarantors Company, by B. W. Blackstock, assistant secretary." The petition alleged: That, under the terms of the said contract, Aubrey turned over to Georgia Title Guarantors Company, as his

agent, the matter of making contracts for the sale of said lands, and on April 3, 1907, the defendants, acting as agents for plaintiff in a fiduciary capacity, contracted to sell and did sell several lots of land described; that Haden was the owner of practically the entire capital stock of Georgia Title Guarantors Company, was the moving spirit and the active agent in the conduct of said negotiations, made and concluded said sales, and handled and distributed all the money paid as the initial cash payment of said purchases; that defendants represented to plaintiff that said lands had been sold for $200 per lot, one fourth of said purchase price to be paid in cash, and plaintiff, in accordance with the representations of said agents, executed bond for title, conditioned to convey said lands upon the terms of one fourth cash and the other fourth in two installments; that, upon the request and under the instructions of his said agents, plaintiff contemporaneously executed his deed for said land and delivered the same in escrow according to the instructions of his said agents in closing up said contract; that Haden, acting under the contract aforesaid, and as the controlling power in said Georgia Title Guarantors Company, directed that there be paid to plaintiff, and there was paid to plaintiff, the sum of $1,625, represented to plaintiff by his said agents to be one half of $3,250 constituting the purchase price of the said land at the represented price of $200 per lot; that plaintiff received the said sum of money relying upon the statement of his said agents, having confidence in their integrity and in the correctness of said representations, and executed the bond for title and deed as aforesaid, and that on the first day of June, 1913, plaintiff discovered that he had been deceived by his said agents in the matter of said sale; that the price at which said lands had been sold was $500 per lot, instead of $200 per lot, and that the amount of cash received as the initial payment was $6,500, instead of $3,250 as represented to plaintiff by his said agents; that, until his discovery of said breach of faith and said breach of contract on the part of defendants, plaintiff had no means of knowing of the deception aforesaid; that said lands were located hundreds of miles from the residence of plaintiff, and all the active negotiations in the sale of said lands had been conducted by defendants under their contract with plaintiff as aforesaid, that on discovery of said breach of contract plaintiff made repeated efforts to induce defendants to com-

ply with said contract and to pay plaintiff the remainder due him from said cash payment, but they refused and still refuse to do so; and that, by reason of the facts stated, said defendants became indebted to plaintiff in the sum of $1,625, besides interest from April 31, 1907. The suit was filed and process attached on May 31, 1916.

We hold: (*a*) The allegations of the petition are not sufficient to take the case out of the statute of limitations. *Bryan* v. *Tate*, 138 *Ga.* 321 (75 S. E. 205). (*b*) The allegations are not sufficient to entitle the plaintiff to proceed as against the defendant Haden. (*c*) The court erred in overruling the general demurrer of Haden to the petition.

*Judgment reversed. Wade, C. J., and George, J., concur.*