### 10457. Tatum v. Padrosa.

Luke, J.  1. A contract creating the relation of landlord and tenant for a time longer than one year by parol agreement has the effect of creating only a tenancy at will. Civil Code (1910), § 3693. In order to terminate a tenancy at will it is necessary that the landlord give to the tenant two months notice. Civil Code (1910), § 3709. A purchaser of realty from a landlord during the term of a tenant at will is entitled, upon notice as prescribed by law, to terminate the tenancy, and thereafter to dispossess the tenant. See *Willis* v. *Harrell*, 118 *Ga.* 906 (45 S. E. 794).

2. Where it is shown that a paper which would afford evidence material to the issue is in court, in the possession of a witness, it is the duty of the judge to require its production instanter, unless it appear that the evidence sought is privileged. In this case the alleged error of the judge in directing that certain papers be produced was cured; for the record shows that when the judge directed the production of the papers, counsel for the defendant, who had objected to their production, waived the objection, by stating in open court: "I have no objection to showing them [referring to the papers]. We have no secrets." See *Rylee* v. *Bank of Statham*, 7 *Ga. App.* 489 (67 S. E. 383).

3. Upon the issue made by the filing of a counter-affidavit to a summary proceeding to evict a tenant, the only question to be determined is tenancy or no tenancy, and no question as to the landlord's title is involved. See *Patrick* v. *Cobb*, 122 *Ga.* 80 (49 S. E. 806).

4. The court did not err in refusing to permit the plaintiff to reopen the case after both sides had closed and arguments had been made by both parties. Especially was it not harmful to the defendant, the party excepting to the refusal.

5. The charge of the court fully and fairly submitted the issue; the evidence authorized the verdict; and for no reason assigned did the court err in overruling the motion for a new trial.

> *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
> Decided October 10, 1919.

Eviction; from Glynn superior court—Judge Highsmith. February 22, 1919.

*E. H. Williams*, for plaintiff in error.

*Max Isaac*, contra.