27739.   PATTERSON *v.* BAUGH *et al.*

DECIDED DECEMBER 5, 1939.

*C. D. Rivers,* for plaintiff in error.

*Julius Rink, Maddox & Griffin,* contra.

·PER CURIAM.   This is the third time that a jury has returned a verdict for the plaintiffs in this case.   The evidence adduced at the last trial fully authorized the jury to find that the house in question was included in the deed from Robbins to Mr. and Mrs. Baugh and belonged to them.   The surveyor testified that he ran the line according to the metes and bounds in the deed, and that the house was included in the deed from Robbins to Baugh and his wife; that he checked that part of the line (the one now in question) three times, and that Robbins drove the stake himself and that he made the line that day.   The survey was made about fifteen days after the deed was made, and the purpose of making it was to stake out the line just as the deed recited.   Robbins and Baugh were both present when the line was run, and the surveyor did not hear of any trouble between them at that time.   S. M. Baugh testified in part as follows: "Before that deed was executed this property to be conveyed to me was pointed out to me by Mr. Robbins, Mr. A. S. Robbins himself.   Mr. Patterson was living in the house at that time on the place.   After Mr. Robbins had pointed out the house that had been sold to me he went to Mr. Patterson and told him he had sold me the house, and I was to have possession on January 1st, 1933, the date of this deed being

November, 1932. That statement was made by Mr. Robbins in the presence of Mr. Patterson; he was at the house when he went and showed me the property, and I wanted to put a roof on the house so when he moved out I could move in January 1st. Mr. Patterson was not along with us when Mr. Robbins was pointing out the lines as to what property I was to get, but, as stated, Mr. Robbins told Mr. Patterson he had sold me the house, and I wanted to put a roof on the house and Mr. Patterson said all right, it wouldn't bother him for me to go ahead. Mr. Robbins and I went down to Brittain Brothers Company before we went up there, and it was suggested that I get the roof there. He says: 'I am acquainted with them and they have the kind of roof you want.'" When Robbins sold the property to the Baughs, Patterson became their tenant, and was subject to be evicted by them after his tenancy expired on January 1, 1933. *Raines* v. *Hindman,* 136 *Ga.* 450 (71 S. E. 738, 38 L. R. A. (N. S.) 863, Ann. Cas. 1912C, 347).

The only special ground of the motion for new trial was the exception to the allowance of the following testimony of B. E. Neal: "I am a practicing attorney at Summerville, and was engaged in the practice of law here in November, 1932. The deed which you hand me purporting to be a quitclaim deed to S. M. Baugh and his wife, Mrs. L. L. Baugh, from Mr. A. S. Robbins, dated the 15th day of November, 1932, and which has been introduced in evidence by the plaintiff in this case—I have a definite recollection of having drawn that deed. When that deed was drawn there was something said about a house located on this land before the conversation was closed in my office. I wouldn't try to say the exact words, but I know it was understood the house was to be delivered at some future time to Mr. Baugh. Mr. Robbins and Mr. Baugh were both there at that time. I not only drew this deed, but it was executed in my presence." This evidence was objected to on the ground that Robbins was not a party to the present case, and that Patterson was not present when the alleged statement was made. Other testimony had been introduced upon the trial of the case, without objection, to the effect that Robbins told Baugh, when he sold him the land, that the house was on the land that was being conveyed, and he pointed it out to Baugh as being located thereon, and told him he was to have possession on January 1, 1933; that Robbins went with Baugh to the house now in question and there

told Patterson in Baugh's presence that he had sold the property to Baugh and his wife and that they were to have possession of the house on January 1, 1933. In other words, other evidence to the same effect as that of Judge B. E. Neal had been admitted without objection, and for this reason it was not error for the court to admit his testimony over objection. "Evidence substantially the same as that complained of in grounds 4, 6, and 7 was admitted without objection, and 'whether the court erred in allowing a particular witness to testify about certain facts over objection is immaterial where the same facts were shown by other evidence to which no objection was made.' *Copeland* v. *Ruff*, 20 *Ga. App.* 217 (1) (92 S. E. 955); *Louisville & Nashville R. Co.* v. *Lovelace*, 26 *Ga. App.* 287 (3) (106 S. E. 6), and citations." *Bryant* v. *Sovereign Camp W. O. W.*, 29 *Ga. App.* 359, 361 (115 S. E. 285). "The erroneous admission of testimony as to a certain fact is usually not cause for a new trial, where the same fact was shown by other testimony to which no objection was made." (Citing.) *Trawick* v. *Chambliss*, 42 *Ga. App.* 333 (1) (156 S. E. 268). See also *Martin* v. *Hutchinson*, 26 *Ga. App.* 24 (1) (105 S. E. 313). The judgment of the court should be affirmed as the verdict was authorized by the evidence and no error of law is shown.

*Judgment affirmed. Stephens, P. J., and Sutton and Felton, JJ., concur.*