31661. BAXLEY *et al. v.* DAVENPORT.

DECIDED SEPTEMBER 13, 1947.

660

*Hewlett & Dennis, C. W. Buchanan, T. F. Bowden,* for plaintiffs in error.

*Allen, Harris & Henson,* contra.

SUTTON, C. J. (After stating the foregoing facts.) It appears from the allegations of the petition that the premises were owned by Mrs. Margaret W. Kistner, as executrix of Byron C. Kistner, and that she leased or placed the premises in possession of one Parker, who had a stock of goods located therein. Parker was placed in the hands of a receiver by the superior court, and this receiver took charge of the premises and goods located therein. While this receiver was in possession of the premises under an order of the superior court, the owner leased the premises to the plaintiffs. After the execution of the lease to the plaintiffs, the receiver sold the stock of goods to the defendant, who went into possession of the premises. Several months after the defendant went into possession of the premises, the plaintiffs demanded possession of the premises from him, and the owner also demanded possession of the premises. Later, the owner instituted dispossessory-warrant proceedings against the defendant and acquired possession of the premises. The plaintiffs, as the new lessees of the premises, seek in the present action to recover damages of the defendant for withholding possession of the premises after demands by the plaintiffs and the owner and until he surrendered possession to the owner, when dispossessed under the proceedings instituted by her, and for the cost of their attorney's fees incurred in ascertaining the way to obtain possession of the premises.

The court did not err in sustaining the general demurrer and in dismissing the action. It appears from the allegations of the petition that the defendant went into possession of the premises under a former tenant, and that he remained in possession for several months without objection from the landlord or the new lessees. The fact that the owner of the premises leased the same to the plaintiffs while the defendant was in possession thereof as a tenant at will or a tenant at sufferance, did not make the defendant a tenant of the new lessees or create any contractual relationship between them. Any right to proceed against the defendant as a tenant holding over remained in the owner of the premises. In this connection, see *McBurney* v. *McIntyre, 38 Ga.* 261. The right to maintain an action against a tenant for damages for wrongful holding over is generally held to be restricted to the landlord. Where a landlord parts with title to the premises during the tenancy, the new owner is then considered as the landlord, and

he may proceed to dispossess the tenant in the same manner as the original landlord could dispossess him. *Willis* v. *Harrell*, 118 *Ga.* 906 (6) (45 S. E. 794); *Tatum* v. *Padrosa*, 24 *Ga. App.* 259 (100 S. E. 653); *Veal* v. *Jenkins*, 58 *Ga. App.* 4 (197 S. E. 328); *Patterson* v. *Baugh*, 61 *Ga. App.* 270 (6 S. E. 2d, 380); *Haynie* v. *Murray*, 74 *Ga. App.* 253 (39 S. E. 2d, 567). In this connection, also see *Raines* v. *Hindman*, 136 *Ga.* 450 (71 S. E. 739, 38 L. R. A. (N. S.) 863, Ann. Cas. 1912C, 347). And where the owner of land conveys it for such term of years as to convey an estate for years in said land, within the provisions of the Code, §§ 61-101, 85-801, 85-802, the holder of such estate may, if entitled to possession under such conveyance, maintain an action for damages against the tenant for wrongful holding over and beyond his term. *Anderson* v. *Kokomo Rubber Co.*, 161 *Ga.* 842 (132 S. E. 76). However, where the owner of lands does not convey the title or an estate therein, but gives the lessees only the usufruct, as in the present case, such lessees may not maintain an action for damages or one to recover possession from a tenant of the owner who is alleged to be holding over and beyond the term for which he rented the premises, but the lessees must look to the owner to place them in possession of the premises and may maintain an action for damages against him for a refusal or failure to do so. "Where the lease contains no stipulation to the contrary, there is an implied covenant on the part of the lessor that the premises shall be open to entry by the lessee at the time fixed by the lease for him to take possession, and if possession is then wrongfully withheld from the lessee, he can maintain an appropriate action against the lessor, or can at his option repudiate the contract and bring an action for damages for its breach." *Browder-Manget & Co.* v. *Edmondson*, 7 *Ga. App.* 843, 846 (68 S. E. 453). Also, see *Shiver* v. *Burkett*, 74 *Ga. App.* 195 (39 S. E. 2d, 431), and citations. Moreover, to allow a recovery of damages by an owner and also by lessees of such owner from a tenant of the owner for wrongfully holding possession of the rented premises beyond the term might subject such tenant to double damages for the same wrong.

Under the allegations of the petition in the present case, the plaintiffs, as holders of the usufruct, could not maintain an action for damages directly against a tenant of the owner for holding

possession of the rented premises after demands for possession by such owner and by the lessees of such owner, and the trial judge did not err in so holding and in dismissing the petition on general demurrer. *Judgment affirmed. Felton and Parker, JJ., concur.*