35715. JENKINS *v.* SMITH.

CARLISLE, J. 1. "In a lease contract, where there is no stipulation to the contrary, the lessor impliedly warrants that the leased premises shall be open to entry by the lessee at the time fixed for taking possession. But the law does not impose upon the lessor the duty of putting the lessee in possession of the leased premises. It demands only that the possession shall not be withheld when the lessee seeks it under the contract." *Browder-Manget Co.* v. *Edmondson*, 7 *Ga. App.* 843 (1) (68 S. E. 453); *Watkins* v. *Stulb & Vorhauer*, 23 *Ga. App.* 181 (98 S. E. 94); and see *Baxley* v. *Davenport*, 75 *Ga. App.* 659, 662 (44 S. E. 2d 388).

2. "When a landlord rents a building and puts a tenant in possession of the premises (with consequent liability for rent) the possession of the premises can not be surrendered by the tenant during the term of the lease, unless the surrender be accompanied by an agreement on the part of the landlord to retake possession. . . There must be either an express agreement to the surrender of possession on the part of the tenant, or such circumstances as compel the conclusion that the landlord consented to retake possession of his property." *Lamb* v. *Gorman*, 16 *Ga. App.* 663 (85 S. E. 981).

3. "The mere taking of the keys to the rented premises by the landlord from a vacating tenant 'will not itself alone operate to establish as a matter of law an implied surrender and acceptance.'" *Clark* v. *Sapp*, 47 *Ga. App.* 91 (2) (169 S. E. 692).

4. "Under a lease of real estate for a term of less than five years, and granting only the usufruct, the tenant cannot sublet the premises or transfer the lease without the consent of the landlord . . . Code § 61-101." *Lawson* v. *Haygood,* 202 *Ga.* 501 (43 S. E. 2d 649). And a refusal on the part of the landlord to consent to the tenant's subletting the premises would not constitute a rescission of the lease agreement between the tenant and the landlord where no provision is made for subletting by the tenant.

5. Under an application of the foregoing rules of law to the facts of the present case, a verdict for the plaintiff landlord was demanded under the pleadings and evidence. The defendant admitted in his answer that he had leased the premises from the plaintiff for a period of one year, beginning September 1, 1953, at a monthly rental of $100. From all the evidence and reasonable deductions to be drawn therefrom, it appeared that the defendant had his office equipment and furniture shipped to Valdosta and placed in the house at points which he had indicated. As he was not present in Valdosta during the time his equipment was arriving, he arranged with the plaintiff, who lived next door to the leased premises, to open the house to the deliverymen. Some time after the defendant's equipment had been delivered, and before the defendant opened his office for the practice of medicine in Valdosta, he decided to investigate the possibilities for the practice of medicine in Newnan, Georgia. He so informed the plaintiff, but stated that he would keep the property in Valdosta, as he might be returning there. Sometime during the month of November he finally decided to practice in Newnan and had his equipment moved out of the property in Valdosta, and the keys to the property were returned to the plaintiff. In December, he, on the demand of the plaintiff, paid the rent due for that month, stating that he still intended to live up to the terms of the lease, but that he wished the house could be rented so as to relieve him of the rent in whole or in part, and requesting that the plaintiff allow him to rent the premises himself to another, even if for only $50 per month, and requesting a reply from the plaintiff within one week. The plaintiff did not reply to the letter until some time in March when he demanded the rent for the months of January, February, and March. Though efforts were made to rent the premises by both the plaintiff and the defendant's agent, the house remained vacant until the end of the term for which the defendant had leased it. The plaintiff and defendant had, it appears therefore, entered into a lease agreement, the defendant had gone into possession, and while he surrendered the premises to the extent that he removed his equipment and returned the keys, he did so with the understanding that he was still to be responsible to the plaintiff for the rent to the end of the term. There was not such a surrender, therefore, as to relieve the defendant of the payments due for rent to the end of the term. The plaintiff's failure to reply to the defendant's letter requesting permission to rent the premises to another, or even the plaintiff's refusal to allow the defendant to sublet the premises, would not work a rescission of the lease agreement.

6. Consequent upon the rulings in the foregoing divisions of this opinion, the trial court did not err in denying the motion for a new trial, which was based on the usual general grounds and one special ground, com-

plaining that, since there were questions of fact for determination by the jury, the trial court erred in directing a verdict.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 24, 1955.

*Charles Van S. Mottola,* for plaintiff in error.

*Byron H. Mathews, Jr.,* contra.

Frank S. Smith brought an action for breach of contract against Dr. Ben H. Jenkins in the City Court of Newnan. The material allegations of the petition as finally amended are substantially as follows: (2) In August 1953, the defendant entered into an oral contract with the plaintiff, whereby he leased and rented from the plaintiff for one year from September 1, 1953, a house and lot in Valdosta, Georgia, known as 308 East Central Avenue, for $100 per month, payable in advance on the first day of each month during the lease period. (3) The defendant took possession of the property at the beginning of the lease period, and moved considerable personal property consisting of office equipment, furniture, and furnishings, into the house. (4) A short time thereafter, the defendant decided, for reasons satisfactory to himself, to open his office for the practice of medicine in Newnan, Georgia, rather than in the property which he had leased from the plaintiff in Valdosta. (5) The defendant paid the rent for September, October, November, and December 1953, but has failed, neglected, and refused to pay any other or further rent for the remainder of the lease period. (6) (Stricken entirely by amendment.) (7) Although the plaintiff has made numerous demands upon the defendant for payment of the rent, which the defendant agreed to pay for the property during the remainder of the lease period, the defendant has failed and refused to make payment thereof, and he is justly and truly indebted to the plaintiff in the full sum of $800, with interest thereon at seven percent per annum from August 2, 1954.

The defendant answered and admitted the oral contract leasing the property for a term of one year at a monthly rental of $100; denied that he took possession of the property; denied that he had decided to open his office in Newnan rather than in the property rented from the plaintiff in Valdosta; admitted that he had paid the rent for September, October, November, and De-

cember 1953; admitted that he had failed and refused to pay the rent for the remainder of the period of lease; denied that the rent agreed upon is due for the remainder of the lease period; and alleged that the plaintiff had retained possession of the leased premises throughout the term of the lease, and had exercised such dominion and control over the premises as to constitute a rescission of the lease.

On the trial of the case and after the introduction of all the evidence, counsel for each of the parties to the case moved for the direction of a verdict in his favor. The trial court directed a verdict for the plaintiff. The defendant's motion for a new trial, based on the usual general grounds and one special ground, which assigns error on the direction of the verdict for the reason that there were questions of fact which should have been submitted to a jury, was denied, and he has brought the present writ of error to this court to have that judgment reviewed.