### 46360. TATE et al. v. NESBIT.

ARGUED JUNE 28, 1971—DECIDED NOVEMBER 29, 1971.

*Shoob, McLain & Jessee, Jerry T. Hinson,* for appellants.
*Harrison & Garner, James W. Garner,* for appellee.

PANNELL, Judge. This is a continuation of litigation concerning property, the title to which was held to be in Mr. and Mrs. Tate in the case of *Simpson v. Tate,* 226 Ga. 558 (176 SE2d 62).

O. O. Simpson sold the property to the Tates by warranty deed dated April 29, 1968. At the time of sale the defendant Nesbit, in the case under consideration, was the tenant of Simpson, renting a four-room unfurnished garage apart-

ment situated on the premises. He had been paying to Simpson, his uncle, $40 per month rent and had been paying the same for some three to four years. There was no term of rental as to how long a time it should run before termination.

There was evidence in the case that defendant's uncle had orally given the garage apartment to Nesbit before he sold the property. Also that the Tates and Simpson had discussed orally and by a letter from Simpson to the Tates dated February 6, 1968, that the garage apartment would be moved within four months from the sale. That Simpson would put this reservation in the deed. However, the deed of April 29, 1965, has no reservation.

Nesbit continued to live in the house, but paid no rent and none was demanded. Nesbit gave two checks of $25 each, one dated August 1, 1968, and one dated September 3, 1968, to Mrs. Tate for what he testified was ground rent for the property, not the apartment. These checks were not cashed and were subsequently returned to him by letter of September 19, 1968. In said letter, Mr. Tate notified Nesbit that he had ten days to vacate the premises and that due to delay in removing the garage apartment "it has now reverted to my personal ownership." One week later defendant tried to remove the apartment but was refused permission to do so.

Dispossessory warrant dated May 2, 1970, was filed and bond was given by defendant.

On the trial of the case, Mr. Heckman, a professional real estate appraiser, testified by deposition that he had examined the property, and described its location, state of repair, size, etc.; that he made investigations as to fair rental value of comparable property in the neighborhood for time from April, 1968, to July, 1970 (latter date when Nesbit vacated the property). That the reasonable rental was $70 per month in April, 1968, and $80 to $85 per month in July, 1970.

Tate testified that he rented it without substantial alterations or repairs shortly after Nesbit vacated it for $90.00

per month.

The judge submitted the question of reasonable rental value only to the jury from the date of notice to the time the property was vacated by Nesbit. The jury found for the plaintiff the reasonable amount of rent at the rate of $12.50 per month for 22 months, double this amount which would be $25 per month, or maximum, total of $550.

The plaintiffs, the Tates, filed a motion for new trial on general grounds and appealed from the judgment on the verdict and enumerated as error the overruling of the motion for new trial and the charge to the jury that they could return a verdict in favor of the defendant (appellee) after having directed a verdict in the favor of the plaintiffs (appellants) on the question of liability.

"A value fixed by the jury may be lower than the lowest opinion, provided the verdict is not palpably unreasonable under all the evidence." *Garner v. Gwinnett County,* 105 Ga. App. 714, 719 (125 SE2d 563). Applying this test to the present case in which only opinion evidence of fair rental value was $70 to $90 per month; that defendant valued ground rent alone at $25 per month, we hold that the court erred in not granting a new trial. It is not necessary to pass upon the error in the charge as enumerated as the same is not likely to be repeated at the next trial.

*Judgment reversed. Bell, C. J., Eberhardt, Quillian and Evans, JJ., concur. Jordan, P. J., Hall, P. J., and Deen, J., dissent. Whitman, J., not participating.*

DEEN, Judge, dissenting. Direct testimony of market value is in the nature of opinion evidence. *Code* § 38-1709. Jurors are not absolutely bound thereby "but may exercise their own knowledge and experience where there is in evidence data upon which to base the same." *Heughan v. State,* 82 Ga. App. 640 (5) (61 SE2d 685). In addition to the opinion evidence here of rental value, which was largely stated by way of conclusion on the part of various witnesses, the jury had these facts before it: The structure involved was a four room and bath apartment over an

unfloored garage in Gwinnett County. The appellant purchased the whole parcel, including this structure and a plot of ground measuring 133 by 270 feet for the sum of $500 four months before his letter demanding that Nesbit, who lived in the house, surrender possession to him. One obvious method of determining rental value is based on return of cost. It is common knowledge that any house and lot which will return the full investment in five years is a good buy. Nesbit paid $500—the jury found its rental value was $12.50 per month, or $150 per year, without furniture or utilities. This rental is a 30% return per year on the purchaser-landlord's investment. At a rental value of $40 per month the return is almost 100% per year on the investment. I think the jury had a right to consider these facts, and it is also in a much better position than this court to exercise its own judgment concerning the location, condition and desirability of property in the county of residence of the jurors.

I do not think this case should be reversed on opinion evidence alone any more than I think summary judgment should be granted on opinion evidence alone.

I am authorized to state that Presiding Judges Jordan and Hall concur in this dissent.