A02A1381. JONES MOTOR COMPANY v. ANDERSON et al.
(573 SE2d 429)

POPE, Senior Appellate Judge.

Jones Motor Company filed suit against four boys and their parents for damages sustained when the boys allegedly vandalized and destroyed two vehicles while the vehicles were in the company's possession. Although Jones Motor obtained a judgment against two of the boys and their parents, one boy and his parents (the Andersons) obtained a dismissal on the ground that Jones Motor was not the real party in interest to bring a claim for the damages.[1] Jones Motor appeals that ruling.

Jones Motor introduced evidence at the bench trial that certain BellSouth entities purchased the vehicles and delivered them to the Masterack Division of Leggett & Platt, a "converter," to prepare the vehicles for use by BellSouth by adding storage racks. Masterack in turn contacted Jones Motor to deliver the finished vehicles to Bell-

---

[1] The fourth boy was exonerated.

South in Florida. It is undisputed that the vehicles were damaged while in Jones Motor's possession. Jones Motor showed that Masterack made a claim upon Jones Motor for the damages and showed that the initial bill indicated that of the total damages, BellSouth entities were to receive the value of the vehicles and that Masterack was to receive the value of the additions it made. The final formal claim indicated that the total amount should be paid to Masterack. The evidence showed that Jones Motor investigated the claim and issued a check to Masterack for the full amount. Jones Motor then brought this suit against the alleged tortfeasors.

At trial, the Andersons raised the objection that Jones Motor was not the real party in interest. At the end of the trial, the court postponed immediately ruling on the issue and asked Jones Motor for additional information on the matter. The court held a hearing at which Jones Motor presented some additional support for its position that it was the real party in interest. But the trial court ruled in favor of the Andersons.

"Every action shall be prosecuted in the name of the real party in interest." OCGA § 9-11-17 (a). An objection on this ground may be made at any time up to and including a trial on the merits. *Rigdon v. Walker Sales & Svc.*, 161 Ga. App. 459, 462 (2) (f) (288 SE2d 711) (1982). "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. . . ." OCGA § 9-11-17 (a). But dismissal is a legitimate remedy under the proper circumstances. See, e.g., *Sudler v. Campbell*, 250 Ga. App. 537, 541-542 (2) (550 SE2d 711) (2001).

Jones Motor contends the trial court improperly placed the burden on Jones Motor to establish its right to bring suit and contends the court erred by concluding that the evidence did not establish that Jones Motor was the real party in interest.

The trial court indicated that the burden was on Jones Motor and held that Jones Motor "fail[ed] to prove" that it was the real party in interest, thereby showing that the court placed the burden on Jones Motor.

An objection that a party is not the real party in interest "does not go to the merits of an action, but rather is a matter in abatement. . . . [Cits.]" *Tri-County Investment Group v. Southern States*, 231 Ga. App. 632, 636 (2) (500 SE2d 22) (1998). See also *Warshaw Properties v. Lackey*, 170 Ga. App. 101 (316 SE2d 482) (1984). "The defendant bringing a motion in abatement has the burden of proving the facts necessary to support a judgment of dismissal. [Cits.]" *Manufacturers Nat. Bank &c. v. Tri-State Glass*, 201 Ga. App. 253, 254 (1)

(410 SE2d 808) (1991). Accordingly, the trial court erred by placing the burden on Jones Motor.

The Andersons contend that the burden should be on Jones Motor because proving that it is the party entitled to compensation for the damages is a part of its case-in-chief.[2] First, as stated above, the issue of real party in interest does not go to the merits of a claim. Second, Jones Motor introduced evidence suggesting that it was entitled to compensation from the defendants because it paid Masterack's claim for damages to the vehicles. See generally *Southern R. Co. v. Overnite Transp. Co.*, 223 Ga. 825, 830 (6) (158 SE2d 387) (1967) (general principles of subrogation); *Gilbert v. Dunn*, 218 Ga. 531, 533 (128 SE2d 739) (1962) (claim for subrogation will lie in "those cases where the party claiming it advanced the money to pay the debt which, in the event of default by the debtor, he would be bound to pay, or where he has some interest to protect . . ."). See also *Union Pacific R. Co. v. Greentree Transp. Trucking Co.*, 293 F3d 120, 124 (II) (3rd Cir. 2002) (generally, under the Carmack Amendment to the Interstate Commerce Act, a carrier is liable to the shipper for damages to the shipped goods occurring en route). When the Andersons raised their objection, it became their burden to establish that Jones Motor had improperly paid Masterack.

The Andersons presented evidence that BellSouth owned the vehicles and that the precise relationship between BellSouth, Masterack, and Jones Motor was unclear, which they contend means that Jones Motor was not the real party in interest. The trial court was required to resolve these facts regarding the real party in interest issue. Accordingly, we must reverse the trial court's judgment and remand the case for a determination of whether the Andersons met their burden on this issue. See generally *Busby v. Webb*, 247 Ga. App. 781, 782-783 (545 SE2d 132) (2001).

*Judgment reversed and case remanded with direction. Ruffin, P. J., and Mikell, J., concur. Barnes, J., not participating.*

DECIDED OCTOBER 24, 2002.

*Gray, Hedrick & Edenfield, William E. Gray II, Evan R. Mermelstein*, for appellant.

---

[2] OCGA § 24-4-1 provides that
"(t)he burden of proof generally lies upon the party who is asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential." The burden of proof is determined by the pleadings, and a defendant's denial of the plaintiff's allegations is notice to the plaintiff that he has the burden to prove them. [Cit.]
*Carver v. Jones*, 166 Ga. App. 197-198 (1) (303 SE2d 529) (1983).

Vinson, Talley, Richardson & Cable, Craig L. Burnsed, Lane & Sanders, Thomas C. Sanders, for appellees.