A03A2105. GOLDEN PANTRY FOOD STORES, INC. v. LAY BROTHERS, INC.
(597 SE2d 659)

BARNES, Judge.

Golden Pantry Food Stores, Inc., appeals the trial court's judgment, entered on a jury verdict, in favor of Lay Brothers, Inc., for $43,520. This appeal arises from actions following the expiration of a lease between Golden Pantry, as lessee, and Harold and Edwina Lay, as lessors. Lay Brothers, Inc., asserts that, through an assignment, it is the successor in interest to Harold and Edwina Lay and is thus authorized to bring this action. Lay Brothers and Golden Pantry are competitors in the business of convenience stores.

The Lays leased the premises to Golden Pantry to operate a convenience store for ten years, plus a five year extension. At the end of that period Golden Pantry was to vacate the premises and remove its trade fixtures. After this was done, inspection of the premises under current environmental rules revealed some fuel contamination on the site and damage to the premises.

After the term of the lease, Lay Brothers acquired the premises and began preparations to operate its own gasoline station and convenience store on the site. Even though Golden Pantry's lease ended in October 1998 and Lay Brothers wanted to take possession on November 1, 1998, Lay Brothers could not start operation of the convenience store until August 1999.

Because Golden Pantry allegedly did not surrender the premises on time and in proper condition, Lay Brothers filed this action contending that Golden Pantry (1) failed to surrender the premises within a reasonable time after the termination of the lease, (2) removed improvements that should have remained on the premises, (3) failed to repair damage to the premises caused by its removal of trade fixtures, (4) failed to turn over the premises in as good a condition as when the premises was leased, and (5) thus breached the lease. Lay Brothers also contended that it was entitled to an award of attorney fees and expenses of litigation under OCGA § 13-6-11.

Golden Pantry answered the complaint denying liability and asserted among other defenses that Lay Brothers lacked standing to assert the claims raised in the lawsuit. After discovery, Golden Pantry moved for summary judgment, but the motion was denied. Subsequently, the case proceeded to trial, and the jury returned a general verdict in favor of Lay Brothers in the amount of $43,520. After entry of judgment, this appeal followed.

Before trial, Golden Pantry filed two motions in limine. One motion sought to preclude Lay Brothers from introducing any evidence on its claims related to removing the canopy because as a matter of Georgia law the canopy was a trade fixture. In the other motion, Golden Pantry argued that Lay Brothers should be prohibited from introducing evidence on its damages claims because it was not entitled to recover for the canopy, it was not entitled to lost profits arising from the delayed opening, it was not entitled to recover for lost profits because it cannot show a history of profits as required by Georgia law, and it otherwise could not prove its damages.

In a pretrial hearing, the trial court denied the motion on whether the canopy was a trade fixture, saying that it was something a jury should decide. In response to the second motion in limine, Lay Brothers argued that its position was "that our damage is the same damage that the estate sustained. That's what we're entitled to prove. We'll be limited to that. I mean I don't know that that means the motion in limine — if he's suggesting that we're going to try to prove damages outside of what we were assigned, no, I don't think we can do that." Lay Brothers further argued, however, that because it was a "close family corporation in which the grandmother, Mrs. Lay, owned an interest, and the estate owned an interest, if they haven't already distributed it, so I think you — when — in a family business with a close corporation there is an identical interest in terms of damages. Ms. Lay owned Lay Brothers or a substantial portion of it." Apparently adopting this reasoning, the trial court denied this motion also.

The case proceeded to trial and at the close of Lay Brothers' case, Golden Pantry, incorporating the grounds urged in its motions for

summary judgment and in limine, moved for a directed verdict on several grounds: (a) Lay Brothers lacked standing to bring the action because the assignment was defective, (b) Lay Brothers had no entitlement to sue for lost profits, (c) the evidence to prove lost profits was insufficient, and (d) the evidence tending to show the other damages was based on mere speculation. The trial court denied the motion. At the close of all the evidence, Lay Brothers also moved for a directed verdict, and its motion was also denied. The case was submitted to the jury, and the jury returned the verdict in favor of Lay Brothers.

On appeal, Golden Pantry contends that the trial court erred by denying its motion for a directed verdict on: (a) the canopy's removal, (b) Lay Brothers' authority to claim lost profits, (c) the real party in interest objection, and (d) the sufficiency of the evidence to support Lay Brothers' claim for damages. Golden Pantry also claims that the trial court erred by refusing to admit in evidence a letter from its counsel to Lay Brothers because the letter was not listed on the pretrial order. Because we agree that the trial court erred by denying Golden Pantry's motion for directed verdict on lost profits damages, we must reverse the judgment and remand the case for a new trial.

1. An appellate court, when

determining whether the trial court erred by denying appellants' motions for a directed verdict . . . must review and resolve the evidence and any doubt or ambiguity in favor of the verdict. A directed verdict . . . is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, *demands* a certain verdict.

(Citations and punctuation omitted.) *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268) (1990). In this instance, we need not consider whether Lay Brothers presented sufficient evidence to be entitled to recover its lost profits, because the evidence shows that, under our law, Lay Brothers had no entitlement to recover its lost profits from the operation of a convenience store in this action. Edwina Lay, as an individual, was not operating the convenience store, and, therefore, was not entitled to seek damages for lost profits. Thus, whether Lay Brothers sufficiently proved its lost profits is moot.

Although brought initially by Lay Brothers in its own right, after Golden Pantry challenged its standing to bring the action Lay Brothers obtained an assignment from Edwina Lay of her right to

bring this action.[1] In pertinent part, the assignment states:

I, EDWINA B. LAY, individually and as successor in interest to Harold E. Lay, deceased, have assigned and by these presents do assign to LAY BROTHERS, INC., any and all right and title which I have or may have to any claims, causes of action, chose in action, and/or damages, past, present, or future, arising out of that Lease Agreement entered into by and between Harold E. Lay and Edwina B. Lay and Golden Pantry Food Stores, Inc. on or about September 2, 1983, a true and accurate copy of which is attached hereto as Exhibit "A." This assignment includes, without limitation, any and all claims and/or causes of action asserted in the pending lawsuit styled *Lay Brothers, Inc. v. Golden Pantry Food Stores, Inc.*, Civil Action No. SU-00-CV-0912-J, Superior Court of Athens-Clarke County, Georgia.

It is a well-established principle of Georgia law that an assignee of a contract acquires its rights from the assignor, has no more rights under the contract than the assignor, and is subject to all the defenses that could have been raised against the assignor. *Pridgen v. Auto-Owners Ins. Co.*, 204 Ga. App. 322, 323 (419 SE2d 99) (1992). Lay Brothers' argument recognizes this principle: "[O]ur damage is the same damage that the estate sustained. That's what we're entitled to prove. We'll be limited to that."

Therefore, the real issue before us is what damages Edwina Lay was authorized to recover from Golden Pantry for its actions after the lease came to an end.[2] In actions for breach of contract, damages are given as compensation for the breach. OCGA § 13-6-1. Thus, the "[d]amages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach." OCGA § 13-6-2.

Mr. and Mrs. Lay did not operate a convenience store on the premises; they leased the premises to Golden Pantry to operate a convenience store. Further, at the end of the lease, Mrs. Lay also did not operate a convenience store there, or attempt to do so. Instead, she transferred the premises to Lay Brothers.

---

[1] We recognize that Golden Pantry has contested the validity of the assignment, but for the reasons stated in Division 2 we decline to consider that issue in this appeal.

[2] We also recognize that Golden Pantry has challenged whether the release from only Edwina Lay was sufficient to assign the lessors' interest to Lay Brothers, but for reasons stated in Division 3, below, we also decline to address this issue until the trial court has properly considered whether all the real parties in interest are before the court.

Consequently, the damages to which Mrs. Lay would be entitled are those due landlords when its tenants do not vacate the premises in such condition that the property can be leased to others in a timely manner. Lay Brothers argues that, through the assignment, it was entitled to seek damages for Golden Pantry's breach of the obligation under the lease to timely deliver possession of the premises at the end of the lease, and we agree with that position.

Additionally, Lay Brothers was also entitled to recover for damages to the premises, and to recover those damages it was essential to prove with a reasonable degree of certainty the condition of the premises both at the inception and at the termination of the lease and the damage which should have been, but was not, repaired. *Jacobi v. Timmers Chevrolet, Inc.*, 164 Ga. App. 198, 200 (296 SE2d 777) (1982).

Lay Brothers relies upon *Accent Walls, Inc. v. Parker*, 162 Ga. App. 633 (1) (292 SE2d 509) (1982), for the general proposition that "[t]he measure of damages . . . is the amount which will compensate the injured person for a loss which a fulfillment of the contract would have prevented . . .[, and] the injured person is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been if the contract had been fully performed. [Cits.]" Id. This, of course, is an accurate statement of the law, but it does not mean that Edwina Lay was entitled to claim for lost profits for a business she did not operate. Instead, her damages would be those which would have placed her in the position she would have been in had Golden Pantry vacated the premises in accordance with the lease. Those are two different things.

Further, although Lay Brothers argues that this was a closely held, family corporation, this does not alter the basic fact that a corporation is a separate entity, distinct and apart from its stockholders, *Exchange Bank of Macon v. Macon Constr. Co.*, 97 Ga. 1, 5-6 (25 SE 326) (1895), and the law of corporations is founded on this legal principle. Id. Apparently, Lay Brothers would have us adopt some form of reverse "piercing the corporate veil" to entitle it to recover lost profits, but our courts typically have disregarded the separate entity of a corporation only in limited circumstances when the corporate form has been abused. See, e.g., *Amason v. Whitehead*, 186 Ga. App. 320, 322 (367 SE2d 107) (1988); *Bone Constr. Co. v. Lewis*, 148 Ga. App. 61, 63 (4) (250 SE2d 851) (1978). Thus, we decline to adopt this contention.

Lay Brothers' evidence on the lost profits was limited to introduction of profit and loss statements for the convenience store for 1999 and 2000. Therefore, this evidence was not sufficient to prove that Edwina Lay, as owner of the property, was entitled to those damages. Lay Brothers on one hand acknowledges that it is only entitled to recover from the assignment from Edwina Lay and not

entitled to recover as a successor lessee, see *Baxley v. Davenport*, 75 Ga. App. 659, 662 (44 SE2d 388) (1947), yet then argues that it is entitled to recover the type damages, lost profits, that only the successor suffered. Rather than lost profits, Mrs. Lay's measure of damages was the loss of the reasonable rental value of the premises, see, e.g., *Tate v. Nesbit*, 125 Ga. App. 120, 121-122 (186 SE2d 508) (1971), as well as for damage to the premises.

Lay Brothers also contends that the property was damaged by soil contamination from leaking tanks. "[H]ydrocarbon contamination constitutes nuisance and continuing trespass even after leaks have been fixed." *Hudgins & Co. v. J & M Tank Lines*, 215 Ga. App. 308, 309 (450 SE2d 221) (1994), citing *Hoffman v. Atlanta Gas Light Co.*, 206 Ga. App. 727 (426 SE2d 387) (1992).

> In actions for nuisances, as in other actions for torts, the measure of damages is compensation to the plaintiff for the actual injury inflicted. Where the injury goes either to the market or rental value of the premises, the difference in the market or rental value before the nuisance existed and such value after the nuisance was created is the measure of damages.

*Head v. Towaliga Falls Power Co.*, 27 Ga. App. 142, 143 (107 SE 558) (1921).

Here, any determination of damages is complicated by the fact that Mrs. Lay transferred the operation of the convenience store to Lay Brothers apparently without monetary compensation. Nevertheless, she was not entitled to recover lost profits from the convenience store.

2. As the record shows that the trial court did not consider the validity of the assignment within the proper context of contract interpretation, we decline to address the issue now as we are remanding this case to the trial court for further proceedings. If properly raised, the trial court should consider this issue at that time in accordance with our time-honored principles of contract construction. "Construction of a contract is a question of law for the court. Where any matter of fact is involved, the jury should find the fact." OCGA § 13-2-1. Although whether a contract is ambiguous is a question of law for the court, *Collier v. State Farm Mut. Auto. Ins. Co.*, 249 Ga. App. 865, 866 (2) (549 SE2d 810) (2001), even when a contract is ambiguous, a jury question is not presented unless the application of the rules of contract construction fails to resolve the ambiguity. *Norton v. Hutton*, 172 Ga. App. 836 (324 SE2d 744) (1984). Where no matter of fact is involved, the construction of a plain and definite contract, if needed, is a matter of law for the court; a contract is not

ambiguous, even though difficult to construe, unless and until an application of pertinent rules of interpretation leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties. *Village Enterprises v. Ga. R. Bank &c. Co.*, 117 Ga. App. 773, 774 (1) (161 SE2d 901) (1968).

If again raised, the trial court should consider in the same manner Golden Pantry's arguments regarding whether under the terms of the lease it was entitled to remove the canopy, and other contentions based on construction of the lease.

3. Golden Pantry's argument that Lay Brothers is not the real party in interest to bring this action is based on the evidence that Edwina Lay jointly owned the property with her deceased husband and evidence showing that the estate still had owned an interest in the property after the assignment. For example, a deed was introduced at trial showing that Edwina Lay and the Harold E. Lay Testamentary Trust conveyed the premises to Lay Brothers on August 6, 2001. This raises the question whether all the parties who were affected by Golden Pantry's actions were participating in the litigation. See OCGA § 9-11-17 (a). No evidence was presented showing that the estate's interest in the property was conveyed to Mrs. Lay and Lay Brothers' counsel indicated that the estate had an interest in the matter. "The real party in interest is 'the person, who, by the substantive governing law, has the right sought to be enforced.' Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d, § 1543 (1990)." *Allianz Life Ins. Co. of N. A. v. Riedl*, 264 Ga. 395, 398 (444 SE2d 736) (1994). "[S]uch a defense is a matter of abatement. [Cit.]" *Bundrage v. Standard Guar. Ins. Co.*, 211 Ga. App. 288, 289 (1) (439 SE2d 92) (1993), reversed on other grounds. Therefore, even considering Golden Pantry's summary judgment motion as raising a real party in interest defense, it was properly denied. *Warshaw Properties v. Lackey*, 170 Ga. App. 101, 102 (316 SE2d 482) (1984). But an objection on this ground may be made at any time up to and including a trial on the merits, *Rigdon v. Walker Sales &c.*, 161 Ga. App. 459, 462 (1) (f) (288 SE2d 711) (1982), which Golden Pantry did in its motion in limine and motion for a directed verdict. No case, however, should be dismissed for this reason "until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest...." OCGA § 9-11-17 (a). *Jones Motor Co. v. Anderson*, 258 Ga. App. 161, 162 (573 SE2d 429) (2002). Accordingly, if Golden Pantry renews this objection, the trial court should consider this issue under OCGA § 9-11-43 (b). See *Derbyshire v. United Builders Supplies*, 194 Ga. App. 840, 842-843 (1) (392 SE2d 37) (1990). Further, Golden Pantry, as the party bringing a motion in abatement, would have the burden

of proving the facts necessary to prove its defense. *Jones Motor Co. v. Anderson*, supra, 258 Ga. App. at 162-163.

4. In view of our reversal of the trial court's judgment and remand for further proceedings, Golden Pantry's other enumerations are moot.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED MARCH 30, 2004.

*Fortson, Bentley & Griffin, Michael C. Daniel, Richard G. Douglass,* for appellant.

*J. Hue Henry, Christopher L. Casey,* for appellee.