A05A1133. UNITED BANK v. WEST CENTRAL GEORGIA BANK.
(620 SE2d 654)

ANDREWS, Presiding Judge.

This declaratory judgment action was filed by United Bank to determine whether the deed to secure debt granted by borrower William Crews to West Central Georgia Bank (West Central) complied with OCGA § 44-14-80. On cross-motions for summary judgment and stipulated facts, the trial court concluded that the deed complied with the statute and that West Central's nonjudicial foreclosure on the property was valid. United Bank appeals.

On April 2, 1996, West Central loaned Crews over $50,000 pursuant to a note of the same date. Crews executed the deed to

---

secure debt in favor of West Central on the property at 308 Garden Terrace, Thomaston, Georgia. That deed, duly recorded in the Upson County Superior Court records on April 11, 1996, states that Crews has borrowed the money "and has agreed to pay the same, with interest thereon, according to the terms of a certain note (the 'note') given by Grantor to Grantee, bearing even date herewith, the note, being made a part hereof by reference; *April 2, 1997*." (Emphasis supplied.) (The nonitalicized portion is a printed form, the italicized date was typed into the form.) That note, although not filed with the deed, specifically states that April 2, 1997, is the maturity date of the loan.

On January 25, 1999, United Bank loaned Crews over $80,000, with the same property as collateral. At that time, the West Central deed to secure debt was a first secured lien on the property. Although United Bank had a search made of the real estate records of Upson County to determine the state of Crews' title, the West Central deed to secure debt was "mistakenly overlooked."

Crews defaulted on both loans and West Central completed a nonjudicial foreclosure on November 4, 2003, evidenced by its deed under power of sale, recorded in the Upson County records.

OCGA § 44-14-80 provides, in pertinent part, that:

> (a) Title to real property conveyed to secure a debt or debts shall revert to the grantor or the grantor's heirs, personal representatives, successors, and assigns as follows:

> (1) Title to real property conveyed to secure a debt or debts shall revert to the grantor or his or her heirs, personal representatives, successors, and assigns at the expiration of *seven years from the maturity of the debt or debts or the maturity of the last installment thereof as stated or fixed in the record of the conveyance* or, if not recorded, in the conveyance; . . .

> (2) If the maturity of the debt or debts or the maturity of the last installment thereof is not stated or fixed, title to real property conveyed to secure a debt or debts shall revert at the expiration of seven years from the date of the conveyance as stated in the record or, if not recorded, in the conveyance. . . .

(Emphasis supplied.)

United Bank contended that "April 2, 1997" typed into the deed was insufficient to fulfill the requirement of subsection (a) (1) that the maturity date of the debt or last installment be "stated or fixed in the record of the conveyance," and that subsection (a) (2) must be applied,

which would have caused West Central's deed to revert to Crews on April 11, 2003 (seven years from the filing of record of the deed) and made United Bank's deed the first secured lien on the property.

The trial court concluded, correctly, that the presence of the 1997 date and the incorporation by reference of the note into the deed sufficed to fulfill the requirements of subsection (a) (1).

Deeds are contracts, the interpretation of which is a matter of law for the court unless an ambiguity remains after the court applies the rules of construction. See *Sawyer Coal &c. Ice Co. v. Kinnett-Odom Co.*, 192 Ga. 166, 173 (6) (14 SE2d 879) (1941); *Golden Pantry Food Stores v. Lay Bros., Inc.*, 266 Ga. App. 645, 650 (2) (597 SE2d 659) (2004). Numerous cases uphold the principle that a plat, which is not recorded with a deed, may be incorporated by reference into it. E.g., *Dept. of Transp. v. Meadow Trace, Inc.*, 274 Ga. App. 267, 269 (617 SE2d 246) (2005); *Bowman v. Walnut Mountain Property Owners Assn.*, 251 Ga. App. 91, 95 (1) (c) (553 SE2d 389) (2001) (physical precedent only); *Chicago Title Ins. Co. v. Investguard, Ltd.*, 215 Ga. App. 121, 123-124 (2) (449 SE2d 681) (1994).

United Bank has advanced no viable reason, and there is none, that the terms of a note may not be so incorporated. Therefore, the trial court's grant of summary judgment to West Central was correct.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 8, 2005.

*David B. Dunaway*, for appellant.
*Alan W. Connell*, for appellee.