**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**October 23, 2020**

# In the Court of Appeals of Georgia

A20A1571. NATIONAL COLLEGIATE STUDENT LOAN TRUST
2007-3 v. CLAYBORN.

MERCIER, Judge.

National Collegiate Student Loan Trust 2007-3 ("NCSLT") sued Dana Clayborn on a promissory note, alleging she defaulted on a loan. Clayborn moved to dismiss the complaint, contending that NCSLT, as a trust, is not a "real plaintiff with Constitutional standing" and can only act through its trustees. NCSLT opposed the motion to dismiss, arguing that, as a Delaware statutory trust, it is an unincorporated association with the right to file suit in its own name. The trial court, finding that NCSLT is an express trust and that express trusts are not recognized under Georgia law as legal entities separate from their trustees, entered an order instructing NCSLT to substitute its trustee as the real party in interest. In its response to the order,

NCSLT stated that it would not make the substitution because it has the right to sue in its own name. The trial court thereafter entered an order dismissing the action with prejudice, citing NCSLT's disregard of its order to substitute the trustee for the trust as the real party in interest. NCSLT appeals. We reverse.

> A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his or her claim. We review the trial court's ruling on a motion to dismiss under the de novo standard of review.

*Walker County v. Tri-State Crematory*, 292 Ga. App. 411 (664 SE2d 788) (2008) (citation and punctuation omitted).

1. NCSLT contends that the trial court erred by failing to recognize its right, capacity, and standing to file suit in Georgia. In its complaint, NCSLT states that it is a Delaware statutory trust and, in its opposition to Clayborn's motion to dismiss, NCSLT attached a copy of its trust certificate listing Wilmington Trust Company as its trustee. As part of its response to the trial court's order directing it to substitute the name of the trust as plaintiff with the name of the trustee, NCSLT attached a copy of the trust agreement.

Under Georgia law, "[e]very action shall be prosecuted in the name of the real party in interest." OCGA § 9-11-17 (a).[1] "The real party in interest is the person, who, by the substantive governing law, has the right sought to be enforced." *Golden Pantry Food Stores v. Lays Bros.*, 266 Ga. App. 645, 651 (3) (597 SE2d 659) (2004) (citations and punctuation omitted). "[G]enerally, any cause of action belonging to a trust must be pursued by the trustee[.]" *Schinazi v. Eden*, 338 Ga. App. 793, 795 (1) (792 SE2d 94) (2016); see also *Skinner v. DeKalb Federal Sav. & Loan Assoc.*, 246 Ga. 561, 563 (272 SE2d 260) (1980) (legal title to trust assets is in the trustee, and any cause of action for breach of a trust must be pursued by the trustee).

NCSLT asserts, however, that a Delaware statutory trust is an unincorporated association with the right, capacity, and standing to sue in its own name, and that an unincorporated association is unlike traditional common law or express trusts that have no separate personality apart from their trustees. NCSLT cites the following Delaware statutory provisions:

(i) "Statutory trust" means an unincorporated association which:

---

[1] "No case, however, should be dismissed [based on the failure of the real party in interest to bring the action] until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." *Golden Pantry Food Stores v. Lays Bros.*, 266 Ga. App. 645, 651 (3) (597 SE2d 659) (2004) (citations and punctuation omitted).

3

(1) Is created by a governing instrument under which . . . business or professional activities for profit are carried on . . . by a trustee or trustees or as otherwise provided in the governing instrument for the benefit of such person or persons as are or may become beneficial owners or as otherwise provided in the governing instrument, including but not limited to a trust of the type known at common law as a "business trust," . . .; and

(2) Files a certificate of trust pursuant to § 3810 of this title.

Any such association heretofore or hereafter organized shall be a statutory trust and, unless otherwise provided in its certificate of trust and in its governing instrument, a separate legal entity.

12 Del. C. § 3801. Thus, NCSLT argues, it is a distinct legal entity that possesses the ability to sue or be sued. It adds that because it was formed pursuant to Delaware law, its legal status is determined by Delaware law, and that the court must apply "full faith and credit" to Delaware's statutory trust law.

Article IV, Section 1 of the United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts . . . of every other State." A statute is a public act within the meaning of that clause. *Franchise Tax Bd. of California v. Hyatt,* _ U. S. _ (136 SCt 1277, 1281 (II), 197 LE2d 431) (2016). At the same time,

4

every state is entitled to enforce in its own courts its own statutes, lawfully enacted. One who challenges that right, because of the force given to a conflicting statute of another state by the full faith and credit clause, assumes the burden of showing, upon some rational basis, that of the conflicting interests involved those of the foreign state are superior to those of the forum.

*Alaska Packers Assn. v. Indus. Accident Comm*., 294 U. S. 532, 547-548 (2) (55 SCt 518, 79 LE2d 1044) (1935).

It does not appear that Georgia law has a "statutory" or "business" trust per se, or one that is essentially the same as Delaware's statutory trust. See generally OCGA § 53-12-2. While a Delaware statutory trust may contain elements similar to those of an express trust under Georgia law, see OCGA § 53-12-20 (a),[2] Delaware's statutory

---

[2] OCGA § 53-12-20 pertinently provides:
(a) [A]n express trust shall be created or declared in writing and signed by the settlor or an agent for the settlor acting under a power of attorney containing express authorization.
(b) An express trust shall have, ascertainable with reasonable certainty:
(1) An intention by a settlor to create such trust;
(2) Trust property;
(3) Except for charitable trusts or a trust for care of an animal, a beneficiary who is reasonably ascertainable at the time of the creation of such trust or reasonably ascertainable within the period of the rule against perpetuities;
(4) A trustee; and
(5) Trustee duties specified in writing or provided by law.

trust is, by the clear terms of the statutory scheme under which it was created, an unincorporated association; it is not a Georgia express trust. We hold that the relevant statutes of Delaware and Georgia - considered together - confirm that NCSLT is an unincorporated association that has the capacity to maintain an action in Georgia.

As set out above, Delaware law specifically provides that a statutory trust is an unincorporated association. 12 Del. C. § 3801 (i). It further provides that such an association is a separate legal entity. 12 Del. C. § 3801 (i) (2). The Revised Georgia Trust Code of 2010 (OCGA § 53-12-1 et seq.) provides that a "'[t]rust' means an express trust or an implied trust *but shall not include trusts created by statute*[.]" OCGA § 53-12-2 (13) (emphasis supplied). Further, Georgia's trust code defines "[p]erson" as, inter alia, "an individual, . . . association, . . . business trust, *unincorporated organization*, . . . or other legal entity." OCGA § 53-12-2 (7) (emphasis supplied). OCGA § 9-2-24 provides that "[a]n action may be maintained by and in the name of any *unincorporated organization or association*." (Emphasis supplied.)

We note that the Supreme Court of the United States recently noted that "[m]any States . . . have applied the 'trust' label to a variety of unincorporated entities that have little in common with [a] traditional [trust]," and the Court thus declined to

6

treat an unincorporated entity (there, a real estate investment trust) the same as it would a traditional trust (for purposes of diversity jurisdiction). *Americold Realty Trust v. ConAgra Foods*, _ U. S. _ (136 SCt 1012, 1016-1017 (III), 194 LE2d 71) (2016). And in *Shaw v. Cousins Mtg. & Equity Inv*., 142 Ga. App. 773 (236 SE2d 919) (1977), overruled on other grounds by *Mock v. Canterbury Realty Co.*, 152 Ga. App. 872 (264 SE2d 489) (1980), this Court equated a foreign business trust with an unincorporated association and held that the business trust, as an unincorporated association, had capacity to institute the underlying suit for breach of contract. Id. at 774 (2).

We hold that NCSLT, despite its nomenclature as a "trust," is a Delaware unincorporated association. As such, it is a separate legal entity entitled to maintain an action in its own name in Georgia. Accordingly, the trial court erred by dismissing the complaint.

2. Notably, Clayborn argues that NCSLT has misrepresented her jurisdictional objection as a procedural one; she asserts that she contested the trial court's constitutional authority, in other words its subject matter jurisdiction, to hear from a trust, as a trust lacks constitutional standing to bring an action before a Georgia court.

However, Clayborn's objection does not implicate subject matter jurisdiction. As this Court recently explained, such an objection "is a challenge to the trust's capacity to sue rather than its standing, because it does not concern whether the trust was entitled to have the court decide the merits of its contract claim but rather who could assert that claim on the trust's behalf — the trust itself or its trustees." *Zahler v. Nat. Collegiate Student Loan Trust 2006-1*, 355 Ga. App. 458, 458-459 (1) (844 SE2d 530) (2020).

3. Clayborn has filed a motion to dismiss this appeal, arguing that (a) NCSLT, as a trust, lacks standing to appear in a Georgia court; (b) NCSLT lacks standing to raise any constitutional objection to OCGA § 9-11-17 because it cannot be prejudiced by being required to adhere to OCGA § 9-11-17; and (c) NCSLT failed to preserve the constitutional issue (regarding the full faith and credit clause) for appeal. The motion is without merit. As discussed above, NCSLT is a legal entity with capacity to sue and have its case reviewed in a Georgia court; because NCSLT has the capacity to bring an action in this state, OCGA § 9-11-17 does not require it to substitute its trustee as plaintiff; and NCSLT has not challenged the constitutionality of a law in this appeal (although Clayborn did raise the issue of full faith and credit below). Clayborn's motion to dismiss the appeal is hereby denied.

8

*Judgment reversed. Motion to dismiss denied. Miller, P. J., and Coomer, J.,*
*concur.*